## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THE JAMES MADISON PROJECT <br> 1250 Connecticut Avenue, NW <br> Suite 200 <br> Washington, D.C. 20036 <br> <br> and <br> <br> LOUISE MENSCH <br> 116 West 80th Street <br> New York, New York 10024 <br> <br> Plaintiffs, <br> <br> v. <br> <br> DEPARTMENT OF JUSTICE <br> 950 Pennsylvania Avenue, NW <br> Washington, D.C. 20530-0001 <br> <br> and <br> <br> CENTRAL INTELLIGENCE AGENCY <br> Washington, D.C. 20505 <br> <br> and <br> <br> OFFICE OF THE DIRECTOR <br> OF NATIONAL INTELLIGENCE <br> Washington, D.C. 20511 <br> <br> and <br> <br> DEPARTMENT OF HOMELAND <br> SECURITY <br> STOP-0655 <br> 245 Murray Lane, SW <br> Washington, D.C. 20528-0655 <br> <br> Defendants. | Civil Action No. 16-2531 |

* * * * * * * * * * * *

## COMPLAINT

This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, <u>et seq.</u>, <u>as amended</u>, for the disclosure of agency records improperly withheld from plaintiffs The James Madison Project and Louise Mensch by the defendants Department of Justice, Central Intelligence Agency, Office of the Director of National Intelligence, and the Department of Homeland Security (as well as their subordinate entities).

## JURISDICTION

1. This Court has both subject matter jurisdiction over this action and personal jurisdiction over the defendants pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

## VENUE

2. Venue is appropriate under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391.

## PARTIES

3. Plaintiff The James Madison Project ("JMP") is a non-partisan organization established in 1998 to promote government accountability and the reduction of secrecy, as well as educating the public on issues relating to intelligence and national security.

4. Plaintiff Louise Mensch ("Mrs. Mensch") is a representative of the news media who currently oversees the media outlet Heat Street. She is a former Member of Parliament in the United Kingdom.

5. Defendant Department of Justice ("DOJ") is an agency within the meaning of 5 U.S.C. § 552 (e), and is in possession and/or control of the records requested by the plaintiffs which are the subject of this action. DOJ controls – and consequently serves as the proper party defendant for litigation purposes for – the National Security Division

("NSD") and the Federal Bureau of Investigation ("FBI").

6. Defendant Central Intelligence Agency ("CIA") is an agency within the meaning of 5 U.S.C. § 552 (e), and is in possession and/or control of the records requested by the plaintiffs which are the subject of this action.

7. Defendant Office of the Director of National Intelligence ("ODNI") is an agency within the meaning of 5 U.S.C. § 552 (e), and is in possession and/or control of the records requested by the plaintiffs which are the subject of this action.

8. Defendant Department of Homeland Security ("DHS") is an agency within the meaning of 5 U.S.C. § 552 (e), and is in possession and/or control of the records requested by the plaintiffs which are the subject of this action. DHS controls – and consequently serves as the proper party defendant for litigation purposes for – the Office of Intelligence and Analysis ("OIA").

## FACTUAL BACKGROUND

Investigations into Election Interference

9. On September 29, 2016, ABC News reported that nearly half of U.S. states had their voter registration systems targeted by foreign hackers, and that at least four of those states' systems had been breached. *http://abcnews.go.com/US/russian-hackers-targeted-half-states-voter-registration-systems/story?id=42435822* (last accessed November 30, 2016). FBI Director James Comey ("Director Comey") specifically identified Russia as being at least partially involved in the attacks on U.S. election systems. *http://abcnews.go.com/US/russian-hackers-targeted-half-states-voter-registration-systems/story?id=42435822* (last accessed November 30, 2016). The Department of Homeland Security acknowledged that it was offering assistance to individual states, and that at least

four states had requested such assistance. *http://www.foxnews.com/politics/2016/09/30/us-official-hackers-targeted-election-systems-20-states.html* (last accessed November 30, 2016).

10. These targeted attacks came in the wake of a prior hack of the Democratic National Committee ("DNC"), an attack that the National Security Agency stated was "undoubtedly the work of a foreign government" and that resulted in the leak of countless internal DNC e-mails in the months preceding the election. *http://www.washingtontimes.com/news/2016/nov/16/dnc-hack-conscious-effort-nation-state-nsa-chief-s/* (last accessed November 30, 2016). On December 29, 2016, a Joint Analysis Report was issued by the FBI providing technical details "regarding the tools and infrastructure used by the Russian civilian and military intelligence services (RIS) to compromise and exploit networks and endpoints associated with the U.S. election, as well as a range of U.S. Government, political, and private sector entities." *https://www.us-cert.gov/sites/default/files/publications/JAR_16-20296.pdf* (last accessed December 29, 2016).

<u>Investigations Into Leaks Related To Secretary Hillary Clinton</u>

11. On November 4, 2016, Rudy Giuliani ("Mr. Giuliani") appeared on Fox News and was asked about the then-recent report that the FBI was "re-opening" its investigation into alleged mishandling of classified information by Secretary Clinton and/or her aides. During the segment, Mr. Giuliani indicated that he had heard about "it" (without clarifying what "it" was) and that he had expected something similar to have occurred. Mr. Giuliani repeatedly stated that he is in close contact with allegedly former FBI agents/officials who themselves are allegedly in contact with active FBI agents/officials. *https://www.washingtonpost.com/news/post-nation/wp/2016/11/04/rudy-giuliani-is-*

4

*claiming-to-have-insider-fbi-knowledge-does-he-really/?utm_term=.7a73e0ce788d* (last accessed November 29, 2016); *https://www.theguardian.com/us-news/2016/nov/03/fbi-leaks-hillary-clinton-james-comey-donald-trump* (last accessed November 29, 2016).

12. That same day, Congressmen Elijah E. Cummings (D-MD) and John Conyers, Jr. (D-MI) sent a letter to the Department of Justice Office of the Inspector General requesting an immediate investigation to determine the source(s) of the leaks. *http://democrats.oversight.house.gov/news/press-releases/cummings-and-conyers-request-investigation-of-fbi-leaks-to-trump-campaign* (last accessed November 29, 2016). It is unclear whether any such investigation was actually conducted.

13. On November 1, 2016, Lieutenant General Michael Flynn (retired)("LTG Flynn") stated on Fox News that he had heard from "friends in the bureau" that there were multiple investigations. *https://twitter.com/ RobPulseNews/status /793862477629054976* (last accessed November 29, 2016). It is unclear whether the FBI conducted an investigation into who was allegedly providing this information to LTG Flynn.

14. Throughout the recent election cycle, there were a myriad of leaks concerning the FBI's investigation into alleged mishandling of classified information by Secretary Clinton and/or her aides. *https://www.theguardian.com/us-news/2016/nov/03/fbi-leaks-hillary-clinton-james-comey-donald-trump* (last accessed November 29, 2016); *http://nypost.com/2015/08/05/fbi-investigation-of-hillarys-emails-is-criminal-probe/* (last accessed November 29, 2016); *http://www.cbsnews.com/news/fbi-investigating-security-of-hillary-clintons-emails/* (last accessed November 29, 2016); *https://www.washingtonpost.com/news/the-fix/wp/2016/03/28/there-are-147-fbi-agents-involved-in-the-hillary-clinton-email-investigation/* (last accessed November 29, 2016); *http://www.politifact.*

*com/truth-o-meter/article/2016/may/12/fbis-investigation-hillary-clintons-emails-recap/* (last accessed November 29, 2016).

15. From former public officials to media pundits and journalists, individuals reported that an indictment of Secretary Clinton and/or her aides was "imminent" or "certain". *http://www.dailymail.co.uk/news/article-3387033/Former-federal-prosecutor-says-Hillary-indicted-60-days-FBI-compiles-overwhelming-evidence-against-her.html* (last accessed November 29, 2016); *http://insider.foxnews.com/2016/04/22/judge-napolitano-fbi-has-evidence-indict-and-convict-hillary-clinton-email-scandal* (last accessed November 29, 2016); *http://www.newsmax.com/Newsfront/tom-delay-hillary-clinton-indict-fbi/2016/01/25/id/710813/* (last accessed November 29, 2016). It remains unclear if anyone has ever been investigated for these various leaks.

16. On November 2, 2016, Fox News anchor Bret Baier reported that an indictment was likely in the alleged "pay for play" investigation into the Clinton Foundation's activities. Mr. Baier claimed to be relying upon information from "FBI sources". *http://www.realclearpolitics.com/video/2016/11/02/fbi_sources_tell_fox_news_indictment_likely_in_clinton_foundation_case.html* (last accessed November 29, 2016). Within 48 hours, Mr. Baier walked back his claim that an indictment was likely. *http://video.foxnews.com/v/5196826543001/?#sp=news-clips* (last accessed November 29, 2016). Several other media networks, such as NBC News, ABC News and CNN, all reported that their own alleged sources were rejecting Mr. Baier's claim that an indictment was likely. *http://www.huffingtonpost.com/entry/fox-news-clinton-indictment-mistake_us_581cc361e4b0d9ce6fbb9753* (last accessed November 29, 2016). It remains unclear if anyone has ever been investigated for these various leaks.

17. On October 31, 2016, Slate reported on a possible computer server connection between Trump Tower and a Russian bank, Alfa Bank. *http://www.slate.com/articles/news_and_politics/ cover_story/2016/10/was_a_server_registered_to_the_trump_organization_communicating_with_russia.html* (last accessed November 29, 2016). On November 2, 2016, FBI sources informed CNN that although there were multiple investigations into alleged connections between Russia and Donald Trump, no proof of criminal connection had yet been found. *http://www.cnn.com/ 2016/11/01/politics/donald-trump-russia-fbi-investigations/index.html* (last accessed November 29, 2016). FBI sources also informed The New York Times that the agency did not believe the server connecting Trump Tower to Alfa Bank had any nefarious purpose. *http://www.nytimes.com/2016/11/01/us/politics/fbi-russia-election-donald-trump.html?_r=0* (last accessed November 29, 2016). On November 7, 2016, however, Mrs. Mensch reported that the FBI had secured a FISA warrant to investigate the server connection to Alfa Bank. *http://heatst.com/ world/exclusive-fbi-granted-fisa-warrant-covering-trump-camps-ties-to-russia/* (last accessed November 29, 2016). It remains unclear if anyone has been investigated for their leaks to CNN or The New York Times.

## COUNT ONE – DOJ NSD

18. By letter dated November 30, 2016, the plaintiffs, JMP and Mrs. Mensch (referred to jointly as "JMP"), submitted to DOJ NSD a FOIA request. The FOIA request specifically sought copies of records, including cross-references, memorializing investigations conducted into possible interference by foreign governments or non-governmental organizations with the U.S. election on November 8, 2016.

19. Specifically, JMP indicated that the scope of the search should include any final determinations identifying individual U.S. states whose election systems were targeted and/or breached, any U.S. states whose vote tabulations were altered, and any determinations made regarding the identity of the perpetrator(s) of these acts.

20. JMP clarified that the DOJ NSD could limit the timeframe of its search from January 1, 2015, up until the date of acceptance of the request. JMP further clarified that the scope of the DOJ NSD's search should not be limited to DOJ NSD-originated records. JMP also requested that responsive records be produced in electronic form.

21. In the FOIA request, JMP pre-emptively waived any objection to the redaction of the names of any U.S. Government officials below a GS-14 position or whom otherwise were not acting in a supervisory position. JMP similarly waived any objection to redactions of the names of any U.S. Government contractors in a position of authority similar to that of a GS-13 series civilian employee or below.

22. In terms of all other third parties who work for the U.S. Government and whose names appear in records responsive to this request, JMP explained in detail that the privacy interests of those individuals have been diminished by virtue of their involvement in one or more of the U.S. Government functions described above as falling within the scope of the FOIA request. Relying upon the public interest aspect outlined regarding third party privacy interests, JMP stated that it was also seeking a waiver of fees or, at a minimum, a reduction in fees.

23. To date, no substantive response has been received by JMP from the DOJ NSD. JMP has constructively exhausted all required administrative remedies.

24. JMP has a legal right under the FOIA to obtain the information it seeks, and there is no legal basis for the denial by the DOJ NSD of said right.

## COUNT TWO – FBI

25. By letter dated November 30, 2016, JMP submitted to the FBI a FOIA request. The FOIA request specifically sought copies of records, including cross-references, memorializing investigations conducted into possible interference by foreign governments or non-governmental organizations with the U.S. election on November 8, 2016.

26. JMP realleges paragraphs 19-20, as JMP's request to DOJ NSD contained similar language to that contained in the FBI request regarding the scope and timeframes of the search for records.

27. JMP realleges paragraphs 21-22, as JMP's request to DOJ NSD contained similar language to that contained in the FBI request addressing privacy concerns and JMP's request for a fee waiver.

28. To date, no substantive response has been received by JMP from the FBI. JMP has constructively exhausted all required administrative remedies.

29. JMP has a legal right under the FOIA to obtain the information it seeks, and there is no legal basis for the denial by the FBI of said right.

## COUNT THREE – CIA

30. By letter dated November 30, 2016, JMP submitted to CIA a FOIA request. The FOIA request specifically sought copies of records, including cross-references, memorializing investigations conducted into possible interference by foreign

governments or non-governmental organizations with the U.S. election on November 8, 2016.

31. JMP realleges paragraphs 19-20, as JMP's request to DOJ NSD contained similar language to that contained in the CIA request regarding the scope and timeframes of the search for records.

32. JMP realleges paragraphs 21-22, as JMP's request to DOJ NSD contained similar language to that contained in the CIA request addressing privacy concerns and JMP's request for a fee waiver.

33. To date, no substantive response has been received by JMP from CIA. JMP has constructively exhausted all required administrative remedies.

34. JMP has a legal right under the FOIA to obtain the information it seeks, and there is no legal basis for the denial by CIA of said right.

## **COUNT FOUR – ODNI**

35. By letter dated November 30, 2016, JMP submitted to ODNI a FOIA request. The FOIA request specifically sought copies of records, including cross-references, memorializing investigations conducted into possible interference by foreign governments or non-governmental organizations with the U.S. election on November 8, 2016.

36. JMP realleges paragraphs 19-20, as JMP's request to DOJ NSD contained similar language to that contained in the ODNI request regarding the scope and timeframes of the search for records.

37. JMP realleges paragraphs 21-22, as JMP's request to DOJ NSD contained similar language to that contained in the ODNI request addressing privacy concerns and JMP's request for a fee waiver.

38. By letter dated December 15, 2016, ODNI assigned the request tracking number DF-2017-00062.

39. To date, no substantive response has been received by JMP from ODNI. JMP has constructively exhausted all required administrative remedies.

40. JMP has a legal right under the FOIA to obtain the information it seeks, and there is no legal basis for the denial by ODNI of said right.

## COUNT FIVE – DHS OIA

41. By letter dated November 30, 2016, JMP submitted two separate FOIA requests to DHS and DHS OIA. The FOIA requests specifically sought copies of records, including cross-references, memorializing investigations conducted into possible interference by foreign governments or non-governmental organizations with the U.S. election on November 8, 2016.

42. JMP realleges paragraphs 19-20, as JMP's request to DOJ NSD contained similar language to that contained in the DHS and DHS OIA requests regarding the scope and timeframes of the search for records.

43. JMP realleges paragraphs 21-22, as JMP's request to DOJ NSD contained similar language to that contained in the DHS and DHS OIA requests addressing privacy concerns and JMP's requests for a fee waiver.

44. On December 19, 2016, DHS informed JMP that it viewed the request submitted to DHS (designated as 2017-HQFO-00155) as a duplicate, as only DHS OIA would be

reasonably likely to maintain responsive records. In reliance upon that information, JMP agreed to administratively close the request to DHS. The separate request to DHS OIA remains processing.

45. To date, no substantive response has been received by JMP from DHS OIA. JMP has constructively exhausted all required administrative remedies.

46. JMP has a legal right under the FOIA to obtain the information it seeks, and there is no legal basis for the denial by DHS OIA of said right.

## **COUNT SIX – FBI**

47. By letter dated November 30, 2016, JMP submitted to FBI a FOIA request. The FOIA request specifically sought copies of records, including cross-references, memorializing crime reports filed regarding, investigations conducted into and/or disciplinary or legal actions taken as a result of unauthorized leaks of U.S. Government information to non-U.S. Government individuals.

48. Specifically, JMP indicated that the scope of the search could be limited to unauthorized leaks implicating the following:

1) Information or documentation provided directly or indirectly to Mr. Giuliani;

2) Information or documentation provided directly or indirectly to LTG Flynn;

3) Information or documentation provided to unauthorized third parties regarding the investigations into alleged mishandling of classified information by Secretary Clinton and/or her senior aides;

    4)    Information or documentation provided to unauthorized third parties regarding the investigations into alleged criminal actions by the Clinton Foundation; and

    5)    Information or documentation provided to unauthorized third parties regarding the investigation into a computer server linking Trump Tower to a Russian financial institution.

49. JMP clarified that the FBI could limit the timeframe of its search from January 1, 2015, up until the date of acceptance of the request. JMP further clarified that the scope of the FBI's search should not be limited to FBI-originated records. JMP also requested that responsive records be produced in electronic form.

50. In the FOIA request, JMP pre-emptively waived any objection to the redaction of the names of any U.S. Government officials below a GS-14 position or whom otherwise were not acting in a supervisory position. JMP similarly waived any objection to redactions of the names of any U.S. Government contractors in a position of authority similar to that of a GS-13 series civilian employee or below.

51. In terms of all other third parties who work for the U.S. Government and whose names appear in records responsive to this request, JMP explained in detail that the privacy interests of those individuals have been diminished by virtue of their involvement in one or more of the U.S. Government functions described above as falling within the scope of the FOIA request. Relying upon the public interest aspect outlined regarding third party privacy interests, JMP stated that it was also seeking a waiver of fees or, at a minimum, a reduction in fees.

52. To date, no substantive response has been received by JMP from the FBI. JMP has constructively exhausted all required administrative remedies.

53. JMP has a legal right under the FOIA to obtain the information it seeks, and there is no legal basis for the denial by the FBI of said right.

### COUNT SEVEN – FBI

54. By letter dated November 30, 2016, JMP submitted to FBI a FOIA request. The FOIA request specifically sought copies of records, including cross-references, memorializing correspondence sent by the FBI to specific Members of Congress or Congressional committees regarding the FBI's investigations into:

    1)      Alleged mishandling of classified information by former Secretary of State Hillary Rodham Clinton ("Secretary Clinton") and/or her senior aides; and

    2)      Alleged criminal actions by the Clinton Foundation.

55. In the FOIA request, JMP indicated that the FBI could limit the timeframe of its search from January 1, 2015, up until the date of acceptance of the request. JMP also stated that it was also seeking a waiver of fees or, at a minimum, a reduction in fees.

56. To date, no substantive response has been received by JMP from the FBI. JMP has constructively exhausted all required administrative remedies.

57. JMP has a legal right under the FOIA to obtain the information it seeks, and there is no legal basis for the denial by the FBI of said right.

WHEREFORE, plaintiffs The James Madison Project and Louise Mensch pray that this Court:

(1) Orders the defendant federal agencies to disclose the requested records in their entirety and make copies promptly available to the plaintiffs;

(2) Award reasonable costs and attorney's fees as provided in 5 U.S.C. § 552 (a)(4)(E) and/or 28 U.S.C. § 2412 (d);

(3) expedite this action in every way pursuant to 28 U.S.C. § 1657 (a); and

(4) grant such other relief as the Court may deem just and proper.

Date:   December 30, 2016

                      Respectfully submitted,

                      /s/
                _____

Bradley P. Moss, Esq.
D.C. Bar #975905
Mark S. Zaid, Esq.
D.C. Bar #440532
Mark S. Zaid, P.C.
1250 Connecticut Avenue, N.W.
Suite 200
Washington, D.C. 20036
(202) 454-2809
(202) 330-5610 fax
Brad@MarkZaid.com
Mark@MarkZaid.com

Attorneys for Plaintiffs