**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

THE JAMES MADISON PROJECT
1250 Connecticut Avenue, NW
Suite 200
Washington, D.C.  20036

    and

LOUISE MENSCH
116 West 80th Street
New York, New York 10024

    Plaintiffs,

    v.

DEPARTMENT OF JUSTICE
950 Pennsylvania Avenue, NW
Washington, D.C. 20530-0001

    and

CENTRAL INTELLIGENCE AGENCY
Washington, D.C. 20505

    and

OFFICE OF THE DIRECTOR
OF NATIONAL INTELLIGENCE
Washington, D.C. 20511

    and

DEPARTMENT OF HOMELAND
SECURITY
STOP-0655
245 Murray Lane, SW
Washington, D.C. 20528-0655

    Defendants.

Civil Action No. 16-2531

## DECLARATION OF ARTHUR R. SEPETA

I, Arthur R. Sepeta, do hereby state and declare as follows:

1.    I am the Chief of the Privacy and Intelligence Oversight Branch ("PIOB"), Office of Intelligence and Analysis ("I&A"), U.S. Department of Homeland Security ("DHS"). I&A is a component of DHS, as well as an element of the U.S. Intelligence Community. In my official capacity, I have direct oversight of Freedom of Information Act (FOIA), 5 U.S.C. § 552 ("FOIA"), and Privacy Act, 5 U.S.C. § 552a ("Privacy Act"), policies, procedures, and litigation involving DHS I&A records. I have been employed by DHS I&A in this capacity since May 2010.

2.    My responsibilities include acting as a liaison with other DHS components and offices to respond to requests and litigation filed under both the FOIA and the Privacy Act; reviewing requests for access to I&A records; reviewing correspondence related to such requests; and evaluating FOIA searches and responses to decide whether determinations to release or withhold records are made in accordance with the FOIA, the Privacy Act, and DHS regulations located at 6 C.F.R. §§ 5.1 et seq.

3.    As the Chief of the PIOB, I have the authority to release or withhold records, and the authority to articulate the position of I&A in actions brought under the FOIA and the Privacy Act.

4.    The statements contained in this Declaration are based upon my personal knowledge, upon information provided to me in my official capacity, and upon conclusions and determinations reached and made in accordance therewith.

2

5.     DHS is an executive department of the federal government within the meaning of title 5 of the United States Code.  Its primary statutory missions under the Homeland Security Act of 2002 are as follows:

(A) Prevent terrorist attacks within the United States;

(B) Reduce the vulnerability of the United States to terrorism;

(C) Minimize the damage, and assist in the recovery, from terrorist attacks that do occur in the United States;

(D) Carry out all functions of entities transferred to DHS, including by acting as a focal point regarding natural and manmade crises and emergency planning;

(E) Ensure that the functions of the agencies and subdivisions within DHS that are not related directly to securing the homeland are not diminished or neglected except by a specific explicit Act of Congress;

(F) Ensure that the overall economic security of the United States is not diminished by efforts, activities, and programs aimed at securing the homeland;

(G) Ensure that the civil rights and civil liberties of persons are not diminished by efforts, activities and programs aimed at securing the homeland; and

(H) Monitor connections between illegal drug trafficking and terrorism, coordinate efforts to sever such connections, and otherwise contribute to efforts to interdict illegal drug trafficking.

6 U.S.C. § 111(b)(1).

6.     I&A is a component of DHS operating at the headquarters level of the Department.  Pursuant to statute, the office is headed by an Under Secretary for Intelligence and Analysis, who doubles as the Chief Intelligence Officer for DHS.  Id. § 121(b)(1)-(2).

7.     I&A has broad intelligence- and information-gathering and sharing responsibilities under the Homeland Security Act of 2002, Executive Order No. 12,333, as amended, and Executive Order No. 13,388.  These responsibilities obligate I&A to gather and share intelligence information in support of DHS's broader counterterrorism, homeland

security, and component-specific missions; in support of the broader national intelligence mission of the Intelligence Community; and as part of the federal information-sharing environment. I&A receives explicit direction from Congress in the Homeland Security Act, see 6 U.S.C. § 121(d)(3), and faces demand from un-cleared stakeholders and mission environments to ensure that DHS produces intelligence products at the unclassified level whenever possible.

8.      The National Security Act of 1947, 61 Stat. 495 (1947) (codified as amended in scattered sections of 50 U.S.C.), defines the term "Intelligence Community" as including, among others, I&A. *See* 50 U.S.C. § 3003(4)(K) (listing I&A as one of seventeen elements of the Intelligence Community); see also Exec. Order No. 12,333 § 3.5(h)(14). As such, I&A falls within the purview of Executive Order 12,333, which sets forth general guidance regarding the collection, retention, and dissemination of intelligence and information.

9.      The purpose of this Declaration and accompanying Vaughn index is to support the United States Government's motion for summary judgement in this case—i.e., to demonstrate that I&A's search, initial response to the James Madison Project (hereinafter, "JMP" or "Plaintiff"), and subsequent production of records associated with the Plaintiff's FOIA request satisfied I&A's obligations under the Freedom of Information Act, 5 U.S.C. § 552. I&A conducted a reasonable search and carefully reviewed all of the records that contained information responsive to the Plaintiff's request to determine what information, if any, could be released to Plaintiff. After careful review, the records I&A produced include correspondence, as well as raw and finished intelligence products. These records were released in part, and discrete portions of each were withheld pursuant to several FOIA exemptions, three of which are challenged by the Plaintiff here. At the end of this Declaration, I have

4

included a Vaughn index that describes the various I&A records currently in dispute and addresses the FOIA exemptions applied to each. *See* Exhibit A.

### THE REQUEST AND SUBSEQUENT PROCEEDINGS

10.    On November 30, 2016, Plaintiff submitted a DHS FOIA request to I&A for copies of records, including cross-references, memorializing investigations conducted into possible interference by foreign governments or non-governmental organizations with the U.S. election on November 8, 2016. Specifically, Plaintiff indicated that the scope of the search should include any final determinations identifying individual U.S. states whose election systems were targeted and/or breached; any U.S. states whose vote tabulations were altered; and any determinations made regarding the identity of the perpetrator(s) of these acts generated within the designated timeframe (i.e., January 1, 2015, up until the date of acceptance of the FOIA request). In the FOIA request, Plaintiff pre-emptively waived any objection to the redaction of the names of any U.S. Government officials below a GS-14 position, or who were not acting in a supervisory position. JMP similarly waived any objection to redactions of the names of any U.S. Government contractors in a position of authority similar to that of a GS-13 series civilian employee or below. A true and correct copy of the Plaintiff's request is attached as Exhibit B.

11.    This request was given the tracking number of 2017-IAFO-00068.

12.    I&A asked the office of the I&A executive secretary and the Collections Division, the I&A office responsible for collecting intelligence and information, to conduct an initial search on December 14, 2016 for the terms "election" and "November 8, 2016." This search located 29 pages of potentially responsive records. I&A referred 17 pages of those potentially

responsive records to another component of DHS, the National Protection and Programs Directorate (NPPD) on June 9, 2017.

13. On December 30. 2016, Plaintiff filed their original complaint in this case.

14. On January 11, 2017, I&A, not realizing that the Plaintiff had already filed suit, sent a final response to the request 2017-IAFO-00068. The response enclosed 2 pages of partially redacted documents and stated that 7 pages were being withheld in full while another 20 pages had been referred to another government agency. My review indicates that the original response was misdated, reflecting the year "2016." I&A's e-mail response to the Plaintiff dated January 11, 2017, indicates the correct year. The misdating was an administrative error. A true and correct copy of the response, including the e-mail transmitting the final response, is attached as Exhibit C.

15. Upon review of the Plaintiff's complaint and the complaint in another FOIA litigation case on the same topic, I&A conducted a new set of searches on March 10 and April 17, 2017. The searches were designed to cover both litigation cases. The search terms for this second search included, inter alia, "Russian interference election;" "voting machine;" "Democratic National Committee;" "Democratic Congressional Campaign Committee;" "Democratic Senatorial Campaign Committee;" "Republican National Committee;" "National Congressional Republican Committee;" "National Republican Senatorial Committee;" "Trump Campaign;" "Clinton Campaign;" and "Hillary Clinton." I&A tasked this second search out to the offices of the Principal Deputy Under Secretary for Intelligence and Analysis; Field Operations; Partner Engagement; and Cyber Threats Division—which constitute all offices within I&A reasonably likely to have responsive records. True and correct copies of the search forms are attached as Exhibit D.

6

16.    These two searches located 234 pages of responsive documents.

17.    Through counsel, I&A subsequently produced the 234 pages of responsive records in response to the Plaintiff's FOIA request on February 16, 2018.  Of these 234 pages, 123 pages were released in full, and 111 pages were released in part.

18.    It is my understanding that the Plaintiff is challenging the validity of I&A's search, as well as I&A's withholdings with respect to the email correspondence (Bates Number 000001-000056, and 000230-000234); Intelligence Information Reports (IIRs) (Bates Number000203-000206, 000216-000229 ); the Request for Information (Bates Number 000192-000194); the DHS/I&A Collection Emphasis Message (Bates Number 000213-000215); and two finished intelligence products produced by I&A to Plaintiff on February 16, 2018. The two finished intelligence reports are a Field Analysis Report, which was jointly produced by I&A and the North Carolina Information Sharing and Analysis Center on February 21, 2017 (hereinafter, "Document 1," Bates Number 000057-000062), and an Intelligence Assessment, Cyber Threats and Vulnerabilities to US Election Infrastructure, which was co-authored by I&A and the DHS National Protection and Programs Directorate (NPPD) on September 20, 2016 (hereinafter, "Document 2," Bates Number 000207-000212). Additionally, I&A withheld specific information contained several Office of the Director of National Intelligence (ODNI) records. I&A withheld discreet sections of these records pursuant to FOIA Exemption (b)(6), Exemption (b)(3)(A), Exemption (b)(5), Exemption (b)(7)(C), and Exemption (b)(7)(E).  It is my understanding that the Plaintiff is challenging I&A's withholdings in these documents pursuant to FOIA Exemptions (b)(3)(A), (b)(5), (b)(7)(A), and (b)(7)(E), and not pursuant to Exemption (b)(6) or (b)(7)(C), so long as I&A's use of the

7

(b)(7)(C) Exemption is not based on a <u>Glomar</u> response, which they are not in any instance here.

## THE RECORDS AT ISSUE

19.    The email correspondence (Bates Number 000001-000056, and 000230-000234) includes messages amongst I&A personnel and between I&A personnel and state and local fusion center personnel. The email correspondence also includes messages between I&A personnel and state, local, or private sector cyber security professionals. The email correspondence contains sources and methods employed by I&A to evaluate emergent, potential cyber security threats or incidents, as well as deliberative, pre-decisional information regarding the same.

20.    The IIRs, which is a type of intelligence report containing raw, unevaluated intelligence (Bates Number 000203-000206, 000216-000229), contain preliminary reporting on potential cyber intrusions or other malicious cyber acts. I&A withheld discreet sections of the IIRs where disclosure would reveal an intelligence source and/or method used to, <u>inter alia</u>, detect cyber intrusions or the presence of cyber abnormalities that may be indicative of malicious cyber threats. I&A further withhold information contained in these IIRs from release where that information reflects only the developing, provisional, or preliminary assessment of DHS employees about possible cyber intrusions.

21.    The Request for Information (Bates Number 000192-000194) contains a request for information pertaining to a blog post made at DHS.gov entitled, <u>Statement by Secretary Johnson about Election Systems' Cyber Security</u>.

22.    DHS/I&A Collection Emphasis Message, which is the vehicle I&A uses for articulating new requirements to inform intelligence collections (Bates Number 000213-

000215), is largely redacted. I&A withheld sections of the Collection Emphasis Message where disclosure would reveal an intelligence source and/or method used to, inter alia, detect cyber intrusions or the presence of cyber abnormalities that may be indicative of malicious cyber threats. I&A further withhold information contained in the Collection Emphasis Message from release where that information reflects only the developing, provisional, or preliminary assessment of DHS employees about possible cyber intrusions.

23.    Document 1 (Bates Number 000057-000062) is a Field Analysis Report, which was jointly produced by I&A and the North Carolina Information Sharing and Analysis Center on February 21, 2017. Although the title has been partially redacted, the report clearly pertains to North Carolina election security. I&A withheld sections of the Field Analysis Report where disclosure would reveal an intelligence source and/or method used to, inter alia, detect cyber intrusions or the presence of cyber abnormalities that may be indicative of malicious cyber threats. I&A further withheld information contained in the Field Analysis Report from release where that information reflects only the developing, provisional, or preliminary assessment of DHS employees about possible cyber intrusions.

24.    Document 2 (Bates Number 000207-000212) is an Intelligence Assessment, Cyber Threats and Vulnerabilities to US Election Infrastructure, which was co-authored by I&A and NPPD on September 20, 2016. I&A withheld sections of the Intelligence Assessment where disclosure would reveal an intelligence source and/or method used to, inter alia, detect cyber intrusions or the presence of cyber abnormalities that may be indicative of malicious cyber threats. I&A further withheld information contained in the Intelligence Assessment from release where that information reflects only the developing, provisional, or preliminary assessment of DHS employees about possible cyber intrusions.

25.    Documents 1 and 2 are marked UNCLASSIFIED//FOR OFFICIAL USE ONLY. These analytic products consist primarily of sensitive intelligence and operational information concerning the status of US election infrastructure security, as well as emergent and potential cyber security threats and vulnerabilities to the United States' election infrastructure.  The documents include such sensitive information as, inter alia: intelligence requirements that I&A and the Intelligence Community at large prioritized in 2016 and 2017; identified gaps in intelligence and resources that could be exploited by cyber threat actors; information concerning intelligence and investigative methods that would permit cyber threat actors to penetrate or otherwise weaken U.S. election systems; and footnotes and source summaries revealing I&A's assessments and determinations of source credibility.  This information is properly exempt from disclosure under Exemptions (b)(3)(A), (b)(5), (b)(7)(C), and (b)(7)(E), as described more fully below.

26.    I&A withheld in full logs of potential malicious cyber activities (Bates Number 000182-191, 000195-202) pursuant to Exemption (b)(3) and (b)(7)(E), as disclosure would not only have revealed sensitive intelligence sources and methods for detecting cyber intrusions, but also could have jeopardized potential law enforcement activities and investigations into malicious cyber events.

27.    Finally, I&A withheld specific information contained in ONDI Cyber Threat Intelligence Center records. I&A withheld this information where disclosure would reveal an intelligence source and/or method used to, inter alia, detect cyber intrusions or the presence of cyber abnormalities that may be indicative of malicious cyber threats. I&A further withheld information from release where that information reflects only the developing, provisional, or preliminary assessment of DHS employees about possible cyber intrusions.

10

NONDISCLOSURE UNDER THE FOIA

EXEMPTION 3

28.     Section 552(b)(3) of the FOIA provides that the FOIA does not require the release of matters that are specifically exempt from disclosure by statute, provided that such statutes: (A) require that the matters be withheld from the public in such a manner as to leave no discretion on this issue; or (B) establish particular criteria for withholding or refer to particular types of matters to be withheld.  Review of the application of Exemption (b)(3) statutes consists solely of determining that the statute relied upon qualifies as an Exemption (b)(3) statute, and that the information withheld falls within the scope of that statute.  I have reviewed the documents at issue and have determined that the redacted information therein falls squarely within the scope of two relevant withholding statutes.

29.     The first applicable statute is Section 102A(i)(1) of the National Security Act of 1947, as amended by the Intelligence Reform and Terrorist Prevention Act of 2004, codified at 50 U.S.C. § 3024(i), a recognized withholding statute.  CIA v. Sims, 471 U.S. 159, 167 (1985); ACLU v. DOJ, 681 F.3d 61, 72-75 (2d Cir. 2012). Section 102A(i)(1) of the National Security Act of 1947, as amended, states: "the Director of National Intelligence shall protect intelligence sources and methods from unauthorized disclosure."  As an element of the Intelligence Community, I&A is required to protect intelligence sources and methods.  See Exec. Order No. 12,333, § 1.6(d) (as amended); Intelligence Community Directive 700 § E.2.a; see also Larson v. Dep't of State, 565 F.3d 857, 865 (D.C. Cir. 2009) (recognizing that the DNI's responsibility to protect intelligence sources and methods extends to other elements of the Intelligence Community).

30.    The second applicable statute is 6 U.S.C. § 121(d)(11), a statutory protection in the Homeland Security Act that is unique to I&A.  This section directs the Secretary, acting through the Under Secretary for Intelligence and Analysis, to ensure that:

(A) any material received pursuant to [the Homeland Security Act] is protected from unauthorized disclosure and handled and used only for the performance of official duties; and

(B) any intelligence information under [the Homeland Security Act] is shared, retained, and disseminated consistent with the authority of the Director of National Intelligence to protect intelligence sources and methods under the National Security Act of 1947 and related procedures and, as appropriate, similar authorities of the Attorney General concerning sensitive law enforcement information.

Each subparagraph of this statute qualifies as an Exemption (b)3 withholding statute.  A statute qualifies as a withholding statute pursuant to Exemption (b)3 when it on its face exempts matters from disclosure and otherwise satisfies the requirements of Section 552(b)(3)(A).  See Nat'l Ass'n of Home Builders v. Norton, 309 F.3d 26, 38 (D.C. Cir. 2002).

31.    The protection afforded to intelligence sources and methods from unauthorized disclosure is absolute.  See Central Intelligence Agency v. Sims, 471 U.S. 159 (1985); People for the Am. Way v. National Sec. Agency, 462 F.Supp. 2d 21, 31 n.8 (D.D.C. 2006).  Exemptions from FOIA or other public disclosure on the basis of national security are formulated broadly to "protect intelligence sources before they are compromised or harmed."  Halperin v. Central Intelligence Agency, 629 F.2d 144, 149 (D.C. Cir. 1980).  Section 3024(i) and 6 U.S.C. § 121(d)(11) recognize the vulnerability of intelligence activities to countermeasures and the significance of the potential loss of valuable intelligence information to national policymakers and the Intelligence Community absent protections against unauthorized disclosure, regardless of the classification of such information.

32.    I&A applied the (b)(3) Exemption to information contained in each category of challenged records at issue here (i.e., information contained in the email correspondence, IIRs, finished intelligence products, request for information, collection emphasis message, I&A logs of potential malicious cyber activities, and ODNI records). In each instances, the information that I&A withheld from such records pursuant to Exemption (b)(3) and the above-listed statutes falls within the scope of "intelligence sources and methods" and additionally was received pursuant to the Homeland Security Act, and therefore I&A properly withheld the information.  The redacted material is intelligence information that I&A acquired, developed, and utilized consistent with its authorities under the Homeland Security Act, as contemplated by 6 U.S.C. § 121(d)(11), and as a member of the Intelligence Community, as contemplated by 50 U.S.C. § 3024(i), as described in further detail for each assessment in the attached Vaughn index.  First, the redactions applied in the records at issue protect the underlying sources of intelligence that I&A relied upon to form its analytical assessments and draft each intelligence product.  Second, the redactions protect information that would reveal the Intelligence Community's methods, namely its tactics for detecting and mitigating emergent cyber security threats or incidents, allocation of resources, and determination of information gaps.  This includes, for example, information that would reveal vulnerabilities in U.S. election infrastructure, or ways of allowing cyber threat actors to avoid detection by U.S. cyber security professionals, which, if exploited, would jeopardize the security of American elections.  The remaining information redacted per Exemption (b)(3) addresses intelligence production methods, such as methods for intelligence collection and analyst evaluations of confidence in their assessments.

13

33.    Although no showing of harm is required, as explained above, the release of the withheld information could significantly damage the ability of I&A and other elements of the Intelligence Community to collect and analyze cyber vulnerabilities and threat information. A particular intelligence method or source is effective only so long as it remains unknown to its target.  When an intelligence method or source is revealed, the target of the method will likely take countermeasures to avoid detection.  Once the target discovers the nature of an intelligence method or the fact of its use in a certain situation, the method usually ceases to be effective.  Disclosure of the information on specific cyber vulnerabilities to U.S. election infrastructure, or sources of such information, withheld in the relevant I&A records would reveal I&A's methodology for detecting cyber threat actors, as well as vulnerabilities in I&A's intelligence methods, to adversaries who can take advantage of I&A and the Intelligence Community's intelligence gaps and resource limitations.  These adversaries could then take countermeasures to identify and frustrate I&A's intelligence efforts, thereby making future activities undetectable by I&A and the Intelligence Community.  If the countermeasures are successful, I&A and the Intelligence Community will lose the ability to monitor and analyze activities that are vital to protecting national security and critical infrastructure that is essential to the American electoral process.  Accordingly, I&A must protect its intelligence methods from disclosure because such information would be of material assistance to those who seek to penetrate, detect, prevent, or damage cyber security-related intelligence gathering and operations.

34.    Disclosure also could be expected to lead detrimentally to the identification of the sources upon which I&A relies for intelligence.  In order to fulfill its national or homeland security missions, I&A must rely on information from sources with firsthand knowledge of a

14

particular threat.  To accomplish this, I&A recognizes that individuals and components of government entities, such as intelligence and cyber security services, will rarely furnish information unless they are confident that they are protected from retribution by an understanding of confidentiality surrounding the source relationship.  This extends to the information furnished by the sources, as revelation of this information often is likely to reveal the source's identity, and thus the source's relationship with I&A itself.  Disclosure of the source identity would also indicate to those considering entering into a similar information-sharing relationship that I&A is incapable of protecting its sources, causing I&A to lose potential valuable sources.  I&A also relies on non-human sources in its intelligence activities. Even where I&A may rely upon open source documents, disclosure of these intelligence sources reveals I&A's tradecraft, as well as I&A's assessments of the relative value and credibility of an intelligence source.

35.    For the foregoing reasons and as addressed in the attached Vaughn index, I have determined that the records at issue contain information that, if disclosed, would reveal certain intelligence sources and methods.  I&A, therefore, relies on Exemption (b)(3) to withhold all such information.

## EXEMPTION 5

36.    Exemption (b)(5) of the FOIA exempts from mandatory disclosure "inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency." 5 U.S.C. § 552(b)(5). The records protected by I&A in part or in full pursuant to FOIA Exemption (b)5 fall squarely within the deliberative process privilege. The information withheld from plaintiffs pursuant to this Exemption consists of communications generated by, and wholly internal to, DHS. As such, they are "inter-/intra-

15

agency" documents within the threshold of FOIA Exemption (b)5. To the extent communications external to DHS were identified among the documents responsive to plaintiffs' FOIA request, such exchanges were released to plaintiffs with only (as applicable) limited Exemption (b)6 or (b)(7)(C) redactions.

37.    I&A applied the (b)(5) Exemption to information contained in the email correspondence, IIRs, finished intelligence products, and collection emphasis message at issue in this litigation. I&A has protected departmental records, including email correspondence and raw and finished intelligence, contemplating how to assess discrete cyber security threats, incidents, and vulnerabilities associated with specific state and local partners pursuant to the deliberative process privilege. Inter- and intra-agency records, such as those withheld in this case by I&A, frequently include preliminary assessments by professionals and staff about issues on which they have been asked to make a preliminary assessment, recommendation, or to give advice. Department officials routinely correspond with each other as they contemplate how to respond to threat information and to inquiries or statements regarding the Department's cyber security activities – as in the protected portions of the I&A correspondence and documents protected by Exemption (b)(5) here. In all of these instances, the protected (in part or in full) records reflect staff members' developing, provisional, or preliminary assessments about matters on which no final decision has yet been made.

38.    The deliberative process privilege is intended to protect the decision-making processes of government agencies from public scrutiny in order to enhance the quality of agency decisions. Disclosure of the I&A and I&A contributions to ODNI records at issue would severely hamper the efficient day-to-day workings of the Department as individuals would no longer feel free to discuss their ideas, strategies, and advice regarding emergent

cyber threats through informal processes and internal communications, and Department employees will be much more circumspect in their discussions with each other. This lack of candor will seriously impair the Department's ability to foster the forthright internal discussions necessary for efficient and proper decision-making. Certainly, disclosure of such preliminary assessments and opinions would make officials contributing to pre-decisional deliberations much more circumspect in providing their views. Agency decision-making is at its best when employees are able to focus on the substance of their views and not on whether their views may at some point be made publicly available.

### EXEMPTION 7(A)

39.    The first subpart of Exemption 7, Exemption 7(A), authorizes the withholding of "records or information compiled for law enforcement purposes, but only to the extent that production of such law enforcement records or information . . . could reasonably be expected to interfere with enforcement proceedings." 5 U.S.C. § 552(b)(7)(A). Determining the applicability of this Exemption 7 subsection thus requires a two-step analysis focusing on (1) whether a law enforcement proceeding is pending or prospective, and (2) whether release of information about it could reasonably be expected to cause some articulable harm. See, e.g., NLRB v. Robbins Tire & Rubber Co., 437 U.S. 214, 224 (1978); Campbell v. HHS, 682 F.2d 256, 259 (D.C. Cir. 1982).  Therefore, generally, Exemption 7(A) may be invoked so long as the law enforcement proceeding involved is fairly regarded as prospective or remains pending. Manna, 51 F.3d at 1165.

40.    I&A withheld information from ODNI records pursuant to Exemption (b)(7)(A) where that information (a) relates to a current, pending, or fairly regarded as prospective law enforcement investigation, and (b) would reasonably be expected to cause harm. Here, release

17

of this information would jeopardize current or prospective law enforcement investigations into potential cybercrimes.

**EXEMPTION 7(E)**

41.    Exemption (b)(7)(E) of the FOIA affords protection to law enforcement information that would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law." Exemption (b)(7)(E) may be applied to protect information relating to homeland security, such as guidelines for responding to cyber security incidents and records pertaining to cyber intrusion detection efforts or investigations.  See Ctr. for Nat'l Sec. Studies v. INS, 331 F.3d at 925-32; Allard K. Lowenstein Int'l Human Rights Project v. DHS, 626 F.3d 678 (2d Cir. 2010).

42.    I&A applied the (b)(7)(E) Exemption to information contained in the email correspondence, the I&A logs of potential malicious cyber activities, and ODNI records at issue here. In each instance, I&A invoked Exemption (b)(7)(E) to protect information that would disclose techniques, procedures, and guidelines for DHS's cyber intrusion or threat detection and response efforts.  If released, the information withheld pursuant to Exemption (b)(7)(E) in the documents at issue would reveal techniques, procedures, and guidelines for identifying cyber threat actors or vulnerabilities, including mechanisms that have been identified by I&A and other Intelligence Community elements to detect, prevent, and mitigate cyber intrusions or other cyber threats.  Pursuant to Exemption (b)(7)(E), I&A withheld information on any indicators that an election system has been penetrated by a cyber threat actor, as well as information about how I&A attempts to detect such penetration.  This information regarding I&A's cyber threat response mechanisms, if disclosed, could reasonably

be expected to allow cyber threat actors to circumvent the law by avoiding certain identification strategies and tactics. Disclosure of this information would enable individuals to change their behaviors and characteristics to ones that have not been recognized by I&A or others in the Intelligence Community in order to evade detection by cyber security professionals.

43. In addition, disclosing the information withheld pursuant to Exemption (b)(7)(E) would disclose guidelines for assessing cyber security vulnerabilities, and could reasonably be expected to risk circumvention of the law, because it would reveal I&A's cyber threat prioritization and resource allocation and would inform cyber threat actors of the government's cyber threat detection strategies and tactics. Failing to protect the information withheld pursuant to Exemption (b)(7)(E) would allow cyber threat actors to develop practices that avoid the methods and strategies utilized by I&A in connection with cyber threat detection and mitigation efforts, as well as I&A's direction of resources, such that release of the withheld information in these documents would frustrate the effectiveness of DHS's cyber security work and endanger U.S. elections going forward.

44. The withheld information would also reveal techniques and procedures, including the types and sources of information, and manner of selecting, obtaining, and vetting and evaluating that information, I&A relies on in emerging cyber intrusion and threat mitigation efforts, including the information I&A relies on to produce intelligence assessments concerning cyber security vulnerabilities. The withheld information would reveal the particular kinds and identities of publicly available, and non-publicly available, sources I&A relied upon, which are not widely known to the general public. Moreover, if the information about these sources was released, it would compromise I&A's cyber investigation techniques

19

and procedures by revealing I&A's source selection method, including its determinations of source availability, reliability, and value. This would inhibit DHS's cyber security efforts as individuals could manipulate and exploit that knowledge to interfere with I&A's cyber threat detection work.

## CONCLUSION

45. For the reasons described above, I&A has withheld from disclosure various categories of records at issue here (i.e., Email Correspondence, IIRs, Collection Emphasis Message, the RFI, Document 1 and Document 2, I&A cyber threat logs, and the I&A information contained in ODNI records) that concern intelligence sources and methods, on the basis of FOIA Exemption (b)(3)(A), in conjunction with 50 U.S.C. § 3024(i) and 6 U.S.C. § 121(d)(11), as well as Exemption (b)(7)(E). The withheld information is directly related to the core functions of I&A as an element of the Intelligence Community and to the activities of I&A in furtherance of its intelligence mission. I have determined that release of the withheld information would reveal I&A's intelligence sources and methods, and would reveal techniques, procedures, and/or guidelines for cyber threat detection investigations and liens of effort. Likewise, I&A has withheld from the three challenged categories of records deliberative process information on the basis of FOIA Exemption (b)(5), that, if released, would chill the free flow of crucial preliminary assessments during emergent cyber threat detection and mitigation efforts that are the lifeblood of informed decision-making at DHS.

46. The documents described herein have been carefully reviewed for reasonable segregation of non-exempt information, and I have determined that no additional segregation of meaningful information in the documents withheld in part can be made without disclosing information warranting protection under the law.

20

I certify, pursuant to 28 U.S.C. § 1746, under penalty of perjury that the foregoing is true and correct.

Executed this 21st day of June, 2018 in Washington, D.C.

Arthur R. Sepeta
Chief
Privacy and Intelligence Oversight Branch
Office of Intelligence and Analysis
U.S. Department of Homeland Security

# <u>Exhibit A</u>

DHS Office of Intelligence & Analysis Vaughn Index
James Madison Project v. Department of Justice, Civil Action No. 16-2531 (D.D.C.)

| DOC | DOCUMENT DESCRIPTION | DATE OF DOC | Bates Number | EXEMPTION | JUSTIFICATION/ DESCRIPTION | AUTHOR/ RECIPIENT |
|---|---|---|---|---|---|---|
| 1 | Email titled "FW: ISIL Reportedly Calls For Attacks On Voters –MMC Update 1 [General Election 2016—U.S.] NOC 0840-16" | 11/05/2016 | 000001 | (b)(6) | The only Exemption DHS applied to this record, (b)(6), is not challenged here. | From: [redacted] Sent: 11/05/2016, 9:35 PM To: Field Ops (field) Subject: FW: ISIL Reportedly Calls For Attacks On Voters – MMC Update 1 [General Election 2016—U.S.] NOC 0840-16 |
| 2 | Email titled "FW: ISIL Reportedly Calls For Attacks On Voters –MMC Update 1 [General Election 2016—U.S.] NOC 0840-16" | 11/05/2016 | 000001 | (b)(6) | The only Exemption DHS applied to this record, (b)(6), is not challenged here. | From: [redacted] Sent: 11/05/2016, 9:25 PM To: Field_Operations Subject: FW: ISIL Reportedly Calls For Attacks On Voters – MMC Update 1 [General Election 2016—U.S.] NOC 0840-16 |
| 3 | Email titled "ISIL Reportedly Calls For Attacks On Voters –MMC | 11/05/2016 | 000001-2 | (b)(6), (b)(3) | One of the Exemptions DHS applied to this record, (b)(6), is not challenged here. DHS applied the (b)(3) Exemption[1] to the | From: NOC Media Monitoring Sent: 11/05/2016, 7:24 PM Subject: ISIL |

---

[1] All (b)(3) redactions in this production were made to protect intelligence sources and methods per 50 U.S.C. § 3024(i) and 6 U.S.C. § 121(d)(11).

1

DHS Office of Intelligence & Analysis Vaughn Index
James Madison Project v. Department of Justice, Civil Action No. 16-2531 (D.D.C.)

| | | | | | | |
|---|---|---|---|---|---|---|
| | Update 1 [General Election 2016—U.S.] NOC 0840-16 | | | | information here because it concerns an intelligence source and/or method of deriving intelligence. More specifically, the withheld information is a source of cyber threat intelligence. Release of the withheld information would reveal I&A's intelligence sources and methods, especially as it pertains to cyber threat actor/intrusion information. | Reportedly Calls For Attacks On Voters – MMC Update 1 [General Election 2016—U.S.] NOC 0840-16 |
| 4 | Email entitled: "(U) Administration Officials Claim US Prepping for Possible Cyber Strike Against Russia" | 10/15/2016 | 000003-4 | (b)(6), (b)(3) | One of the Exemptions DHS applied to this record, (b)(6), is not challenged here. DHS applied the (b)(3) Exemption to information in this email correspondence where the email revealed intelligence sources and methods. The withheld information is a source of cyber threat intelligence. Release of the withheld information would reveal I&A's intelligence sources and methods, especially as it pertains to cyber threat actor/intrusion information. | From: [redacted] Sent: 11/15/2016, 6:22 AM To: IE Notification; I&A Leadership |

2

DHS Office of Intelligence & Analysis Vaughn Index
James Madison Project v. Department of Justice, Civil Action No. 16-2531 (D.D.C.)

| 5 | Email entitled: "(U//FOUO) Huge Spike in scan activity yesterday (and continuing today) on WI state systems, and media reporting that the election results in WI were either manipulated of hacked." | 11/23/16 | 000005 | (b)(6) | The only Exemption DHS applied to this record, (b)(6), is not challenged here. | From: [Redacted] Sent: 11/23/16, 4:03PM To: [Redacted] CC: [Redacted] Subject: (U//FOUO) Huge Spike in scan activity yesterday (and continuing today) on WI state systems, and media reporting that the election results in WI were either manipulated of hacked. |
|---|---|---|---|---|---|---|
| 6 | Email response entitled: "RE: Huge Spike in scan activity yesterday (and continuing today) on WI state systems, and media reporting that the election results in WI were either manipulated of hacked." | 11/23/16 | 000005-6 | (b)(6) (b)(3), (b)(5) | One of the Exemptions DHS applied to this record, (b)(6), is not challenged here. DHS applied the (b)(3) Exemption to information in this email correspondence where the email reveals a method I&A uses to detect cyber intrusions or the presence of cyber abnormalities that may be indicative of a cyber intrusion or other malicious cyber threats. The withheld information is a source of | From: [Redacted] Sent: 11/23/16, 9:22AM To: [Redacted] CC: [Redacted] Subject: "RE: Huge Spike in scan activity yesterday (and continuing today) on WI state systems, and media reporting that the election results in WI were either manipulated of hacked." |

3

DHS Office of Intelligence & Analysis Vaughn Index
James Madison Project v. Department of Justice, Civil Action No. 16-2531 (D.D.C.)

| | | | | | cyber threat intelligence. Release of the withheld information would reveal I&A's intelligence sources and methods, especially as it pertains to cyber threat actor/intrusion information.<br><br>DHS applied the (b)(5) Exemption to information in this email correspondence to protect the deliberative process of DHS officials. The information withheld under (b)(5) here reflects the developing, provisional, or preliminary assessment of DHS personnel about a possible cyber intrusion. This information must be withheld in order to protect the decision-making processes of DHS from public scrutiny in order to enhance the quality of agency decisions. Disclosure of the information at issue would severely hamper the efficient day-to-day workings of the Department as individuals would no longer feel free to | |
|---|---|---|---|---|---|---|

4

DHS Office of Intelligence & Analysis Vaughn Index
James Madison Project v. Department of Justice, Civil Action No. 16-2531 (D.D.C.)

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | | | discuss their ideas, strategies, and advice regarding emergent cyber threats. Additionally, release of this information could result in pubic harm stemming from confusion as to the Department's official or final assessment of a matter, which may not be the same as the Department's preliminary assessment of the same. | |
| 7 | Forwarded Email entitled: "FW: Huge Spike in scan activity yesterday (and continuing today) on WI state systems, and media reporting that the election results in WI were either manipulated of hacked." | 11/23/16 | 000006 | (b)(3), (b)(7)(E), (b)(5) | One of the Exemptions DHS applied to this record, (b)(6), is not challenged here. DHS applied the (b)(3) Exemption to information in this email correspondence where it reveals a method I&A uses to detect cyber intrusions or the presence of cyber abnormalities that may be indicative of a cyber intrusion or other malicious cyber threats. The withheld information is a source of cyber threat intelligence. Release of the withheld information would reveal I&A's intelligence sources | From: [redacted] Sent: 11/23/2016, 9:00 AM To: [redacted] CC: [redacted] Subject: FW: Huge Spike in scan activity yesterday (and continuing today) on WI state systems, and media reporting that the election results in WI were either manipulated of hacked |

5

DHS Office of Intelligence & Analysis Vaughn Index
James Madison Project v. Department of Justice, Civil Action No. 16-2531 (D.D.C.)

| | | | | | and methods, especially as it pertains to cyber threat actor/intrusion information.<br><br>DHS applied the (b)(7)(E) Exemption to information in this email correspondence to protect law enforcement information that would disclose techniques and procedures for law enforcement investigations, because disclosure here could reasonably be expected to risk circumvention of the law. In both instances, the information withheld from this email under the (b)(7)(E) Exemption pertains to a method that law enforcement officials use to detect and investigate cyber crimes. If released, this information could allow cyber threat actors to disguise their criminal activity to avoid detection my law enforcement.<br><br>DHS applied the (b)(5) Exemption to information in | |
|---|---|---|---|---|---|---|

6

DHS Office of Intelligence & Analysis Vaughn Index
James Madison Project v. Department of Justice, Civil Action No. 16-2531 (D.D.C.)

| | | | | | this email correspondence to protect the deliberative process of DHS officials. The information withheld under (b)(5) here reflects the developing, provisional, or preliminary assessment about a possible cyber intrusion. This information must be withheld in order to protect the decision-making processes of DHS from public scrutiny in order to enhance the quality of agency decisions. Disclosure of the information at issue would severely hamper the efficient day-to-day workings of the Department as individuals would no longer feel free to discuss their ideas, strategies, and advice regarding emergent cyber threats. Additionally, release of this information could result in pubic harm stemming from confusion as to the Department's official or final assessment of a matter, which may not be the same as the Department's | |
|---|---|---|---|---|---|---|

DHS Office of Intelligence & Analysis Vaughn Index
James Madison Project v. Department of Justice, Civil Action No. 16-2531 (D.D.C.)

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | | | preliminary assessment of the same. | |
| 8 | Email entitled: "IIR 4 019 0012 17/WI—CYBER: Cyber Activity Targeting Wisconsin Government Networks from Internet Protocol Addresses Associated with Targeting State Election Systems – Unclassified" | 1/25/17 | 000007-12 | (b)(6), (b)(3), (b)(7)(E), (b)(7)(C), (b)(5) | Two of the Exemptions DHS applied to this record, (b)(6) and (b)(7)(C), are not challenged here. DHS applied the (b)(3) Exemption to information in this raw intelligence product relayed by email is revealing a source or method that I&A uses to detect cyber intrusions or the presence of cyber abnormalities that may be indicative of malicious cyber threats. In all instances, the withheld information is a source of cyber threat intelligence. Release of the withheld information would reveal I&A's intelligence sources and methods, especially as it pertains to cyber threat actor/intrusion information.<br><br>DHS applied the (b)(7)(E) Exemption to information contained in this raw intelligence product to protect law enforcement | From: CDSAdmin Sent: 1/25/17 To: [redacted] Subject: "IIR 4 019 0012 17/WI—CYBER: Cyber Activity Targeting Wisconsin Government Networks from Internet Protocol Addresses Associated with Targeting State Election Systems – Unclassified" |

DHS Office of Intelligence & Analysis Vaughn Index
James Madison Project v. Department of Justice, Civil Action No. 16-2531 (D.D.C.)

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | | | information that would disclose techniques and procedures for law enforcement investigations, to include national security investigations, because disclosure here could reasonably be expected to risk circumvention of the law in the future. In all instances, the information withheld from this email under the (b)(7)(E) Exemption pertains to a method that law enforcement officials use to detect and investigate potential cyber crimes. If released, this information could allow cyber threat actors to disguise their criminal activity to avoid detection by law enforcement.<br><br><br>DHS applied the (b)(5) Exemption to information in this email correspondence to protect the deliberative process of DHS officials. The information withheld | |

9

DHS Office of Intelligence & Analysis Vaughn Index
James Madison Project v. Department of Justice, Civil Action No. 16-2531 (D.D.C.)

| | | | | | under (b)(5) here reflects the developing, provisional, or preliminary assessment about a possible cyber intrusion. This information must be withheld in order to protect the decision-making processes of DHS from public scrutiny in order to enhance the quality of agency decisions. Disclosure of the information at issue would severely hamper the efficient day-to-day workings of the Department, as individuals would no longer feel free to discuss their ideas, strategies, and advice regarding emergent cyber threats. | |
|---|---|---|---|---|---|---|
| 9 | Email entitled: "Contractor for Florida Election System Reportedly Hacked; U.S. Government Officials Suspect Russian Involvement – UPDATE 3 to | 10/12/16 | 000013-14 | (b)(6) | The only Exemption DHS applied to this record, (b)(6), is not challenged here. | From: Florida Fusion Center Sent: 10/12/2016 To: HQ OSI FIC Cyber Intelligence; [redacted] CC: [redacted]; HQ OSI Supervisors Subject: "Contractor for Florida Election System Reportedly Hacked; U.S. |

10

DHS Office of Intelligence & Analysis Vaughn Index
James Madison Project v. Department of Justice, Civil Action No. 16-2531 (D.D.C.)

| | MMC IOI#4853-16" | | | | | Government Officials Suspect Russian Involvement – UPDATE 3 to MMC IOI#4853-16" |
|---|---|---|---|---|---|---|
| 10 | Email entitled: "Contractor for Florida Election System Reportedly Hacked; U.S. Government Officials Suspect Russian Involvement – UPDATE 3 to MMC IOI#4853-16" | 10/12/2016 | 000015 | (b)(6) | The only Exemption DHS applied to this record, (b)(6), is not challenged here. | From: Florida Fusion Center Sent: 10/12/2016 To: HQ OSI FIC Cyber Intelligence; [redacted] CC: [redacted]; HQ OSI Supervisors Subject: "Contractor for Florida Election System Reportedly Hacked; U.S. Government Officials Suspect Russian Involvement – UPDATE 3 to MMC IOI#4853-16" |
| 11 | Email entitled: "DHS-RFI-00048-17 and 48a-17" | 10/12/2016 | 000016 | (b)(6) | The only Exemption DHS applied to this record, (b)(6), is not challenged here. | From: [Redacted] Sent: 10/12/2016 To: [Redacted] |

11

DHS Office of Intelligence & Analysis Vaughn Index
James Madison Project v. Department of Justice, Civil Action No. 16-2531 (D.D.C.)

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | | | | Subject: "DHS-RFI-00048-17 and 48a-17" |
| 12 | Email entitled: "FW: FBI FLASH" | 10/19/2016 | 000017 | (b)(6) | The only Exemption DHS applied to this record, (b)(6), is not challenged here. | From: [Redacted] Sent: 10/19/2016, 1:26PM To: [Redacted] Subject: "FW: FBI FLASH" |
| 13 | Email entitled: "FW: FBI FLASH" | 10/13/2016 | 000017 | (b)(6) | The only Exemption DHS applied to this record, (b)(6), is not challenged here. | From: [Redacted] Sent: 10/13/2016, 11:27 AM To: [Redacted] Subject: "FW: FBI FLASH" |
| 14 | Email entitled: "FW: FBI FLASH" | 10/11/2016 | 000017 | (b)(6) | The only Exemption DHS applied to this record, (b)(6), is not challenged here. | From: [Redacted] Sent: 10/11/2016, 11:57 AM To: [Redacted] Subject: "FW: FBI FLASH" |
| 15 | Email entitled: "FW: FBI FLASH" | 10/11/2016 | 000017-18 | (b)(6) | The only Exemption DHS applied to this record, (b)(6), is not challenged here. | From: [Redacted] Sent: 10/11/2016, 10:43 AM To: [Redacted] Subject: "FW: FBI FLASH" |
| 16 | Email entitled: "FW: FBI FLASH" | 10/06/2016 | 000017 | (b)(6) | The only Exemption DHS applied to this record, (b)(6), is not challenged here. | From: [Redacted] Sent: 10/06/2016, 3:42 PM To: [Redacted] |

12

DHS Office of Intelligence & Analysis Vaughn Index
James Madison Project v. Department of Justice, Civil Action No. 16-2531 (D.D.C.)

| | | | | | | CC: [redacted] Subject: "FW: FBI FLASH" |
|---|---|---|---|---|---|---|
| 17 | Email entitled: "FBI Investigating After Millions of Voter Records Possibly Compromised in Data Breach at Kennesaw State University— Kennesaw, GA— MMCIOI#0963-17" | 03/04/2017 | 000019 | (b)(6), (b)(3), (b)(7)(E) | One of the Exemptions DHS applied to this record, (b)(6), is not challenged here. DHS applied the (b)(3) Exemption to information in this email correspondence where information in the email reveals a source that I&A uses to detect cyber intrusions or the presence of cyber abnormalities that may be indicative of malicious cyber threats. Because the withheld information is a source of cyber threat intelligence, release of it would reveal I&A's intelligence sources and methods, especially as it pertains to cyber threat actor/intrusion information.

DHS applied the (b)(7)(E) Exemption to information in this email correspondence to protect law enforcement information that would disclose techniques and | From: NOC Media Monitoring Center Sent: 3/4/2017 To: NOC.MMC Subject: "FBI Investigating After Millions of Voter Records Possibly Compromised in Data Breach at Kennesaw State University— Kennesaw, GA— MMCIOI#0963-17" |

13

DHS Office of Intelligence & Analysis Vaughn Index
James Madison Project v. Department of Justice, Civil Action No. 16-2531 (D.D.C.)

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | | | procedures for law enforcement investigations. The withheld information from this email under the (b)(7)(E) Exemption pertains to a method that law enforcement officials use to detect and investigate potential cyber crimes. If released, this information could allow cyber threat actors to disguise their criminal activity to avoid detection by law enforcement in the future. | |
| 18 | Email entitled: "FW: ISIL Reportedly Calls for Attacks on Voters – MMC Update 1 [General Election 2016 – U.S.] NOC 0840-16" | 11/05/2016 | 000020 | (b)(6), (b)(3), (b)(7)(E) | One of the Exemptions DHS applied to this record, (b)(6), is not challenged here. DHS applied the (b)(3) Exemption to information in this email correspondence where information in the email reveals a source that I&A uses to detect cyber intrusions or the presence of cyber abnormalities that may be indicative of malicious cyber threats. Because the withheld information is a source of cyber threat | From: [Redacted] Sent: 11/05/2016, 9:35PM To: Field Ops (Field) Subject: "FW: ISIL Reportedly Calls for Attacks on Voters – MMC Update 1 [General Election 2016 –U.S.] NOC 0840-16" |

14

DHS Office of Intelligence & Analysis Vaughn Index
James Madison Project v. Department of Justice, Civil Action No. 16-2531 (D.D.C.)

| | | | | | |
|---|---|---|---|---|---|
| | | | | | intelligence, release of it would reveal I&A's intelligence sources and methods, especially as it pertains to cyber threat actor/intrusion information.<br><br>DHS applied the (b)(7)(E) Exemption to information contained in this email correspondence to protect law enforcement information that would disclose techniques and procedures for law enforcement investigations. The withheld information from this email under the (b)(7)(E) Exemption pertains to a method that law enforcement officials use to detect and investigate potential cyber crimes. If released, this information could allow cyber threat actors to disguise their criminal activity to avoid detection by law enforcement in the future. | |

DHS Office of Intelligence & Analysis Vaughn Index
James Madison Project v. Department of Justice, Civil Action No. 16-2531 (D.D.C.)

| 19 | Email entitled: "FW: ISIL Reportedly Calls for Attacks on Voters – MMC Update 1 [General Election 2016 – U.S.] NOC 0840-16" | 11/05/2016 | 000020 | (b)(6), | The only Exemption DHS applied to this record, (b)(6), is not challenged here. | From: [Redacted] Sent: 11/05/2016, 9:25PM To: Field Ops (Field) Subject: "FW: ISIL Reportedly Calls for Attacks on Voters – MMC Update 1 [General Election 2016 –U.S.] NOC 0840-16" |
|---|---|---|---|---|---|---|
| 20 | Email entitled: "ISIL Reportedly Calls for Attacks on Voters – MMC Update 1 [General Election 2016 – U.S.] NOC 0840-16" | 11/05/2016 | 000020-21 | (b)(3), (b)(7)(E) | DHS applied the (b)(3) Exemption to information in this email correspondence where such information reveals a source that I&A uses to detect cyber intrusions or the presence of cyber abnormalities that may be indicative of malicious cyber threats. Because the withheld information is a source of cyber threat intelligence, release of it would reveal I&A's intelligence sources and methods, especially as it pertains to cyber threat actor/intrusion information. | From: NOC Media Monitoring Sent: 11/05/2016, 7:24PM Subject: "FW: ISIL Reportedly Calls for Attacks on Voters – MMC Update 1 [General Election 2016 –U.S.] NOC 0840-16" |

16

DHS Office of Intelligence & Analysis Vaughn Index
James Madison Project v. Department of Justice, Civil Action No. 16-2531 (D.D.C.)

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | | | DHS applied the (b)(7)(E) Exemption to this email correspondence to protect law enforcement information that would disclose techniques and procedures for law enforcement investigations. The withheld information from this email under the (b)(7)(E) Exemption pertains to a method that law enforcement officials use to detect and investigate potential cybercrimes. If released, this information could allow cyber threat actors to disguise their criminal activity to avoid detection by law enforcement in the future. | |
| 21 | Email entitled: "FW: Message from MS-ISAC: DHS Product – GRIZZLY STEPPE Activity.PDF" | 02/10/2017 | 000022 | (b)(6) | The only Exemption DHS applied to this record, (b)(6), is not challenged here. | From: [Redacted] Sent: 02/10/2017, 5:46PM To: HQDepPAX Subject: "FW: Message from MS-ISAC: DHS Product – GRIZZLY STEPPE Activity.PDF" |

17

DHS Office of Intelligence & Analysis Vaughn Index
James Madison Project v. Department of Justice, Civil Action No. 16-2531 (D.D.C.)

| 22 | Email entitled: "Message from MS-ISAC: DHS Product – GRIZZLY STEPPE Activity.PDF" | 02/10/2017 | 000022-23 | (b)(6) | The only Exemption DHS applied to this record, (b)(6), is not challenged here. | From: MS-ISAC Advisory<br>Sent: 02/10/2017, 5:39PM<br>To: Tomas Duffy<br>Subject: "Message from MS-ISAC: DHS Product – GRIZZLY STEPPE Activity.PDF" |
|---|---|---|---|---|---|---|
| 23 | Email entitled: "FW: NASS Election Alert: FBI Alert – Targeting Activity Against State Board of Election Systems" | 10/07/2016 | 000024 | (b)(6) | The only Exemption DHS applied to this record, (b)(6), is not challenged here. | From: [Redacted]<br>Sent: 10/07/2016, 2:31PM<br>To: [Redacted]<br>Subject: "FW: NASS Election Alert: FBI Alert – Targeting Activity Against State Board of Election Systems" |
| 24 | Email entitled: "FW: NASS Election Alert: FBI Alert – Targeting Activity Against State Board of Election Systems" | 10/07/2016 | 000024 | (b)(6), (b)(3), (b)(7)(E) | One of the Exemptions DHS applied to this record, (b)(6), is not challenged here. DHS applied the (b)(3) Exemption to information in this email correspondence where such information reveals a source that I&A uses to detect cyber intrusions or the presence of cyber abnormalities that may | From: [Redacted]<br>Sent: 10/07/2016, 12:52PM<br>To: [Redacted]<br>Subject: "FW: NASS Election Alert: FBI Alert – Targeting Activity Against State Board of Election Systems" |

DHS Office of Intelligence & Analysis Vaughn Index
James Madison Project v. Department of Justice, Civil Action No. 16-2531 (D.D.C.)

|  |  |  |  |  | be indicative of malicious cyber threats. Because the withheld information is a source of cyber threat intelligence, release of it would reveal I&A's intelligence sources and methods, especially as it pertains to cyber threat actor/intrusion information.<br><br>DHS applied the (b)(7)(E) Exemption to this email correspondence to protect law enforcement information that would disclose techniques and procedures for law enforcement investigations. The withheld information from this email under the (b)(7)(E) Exemption pertains to a method that law enforcement officials use to detect and investigate potential cyber crimes. If released, this information could allow cyber threat actors to disguise their criminal activity to avoid |  |
|--|--|--|--|--|--|--|

19

DHS Office of Intelligence & Analysis Vaughn Index
James Madison Project v. Department of Justice, Civil Action No. 16-2531 (D.D.C.)

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | | | detection by law enforcement in the future. | |
| 25 | Email entitled: "FW: NASS Election Alert: FBI Alert – Targeting Activity Against State Board of Election Systems" | 10/07/2016 | 000024 | (b)(6) | The only Exemption DHS applied to this record, (b)(6), is not challenged here. | From: [Redacted] Sent: 08/31/2016, 3:56PM To: FFC Cyber Security Subject: "FW: NASS Election Alert: FBI Alert – Targeting Activity Against State Board of Election Systems" |
| 26 | Email entitled: "RE: NASS Election Alert: FBI Alert – Targeting Activity Against State Boar of Election Systems" | 08/31/2016 | 000025-26 | (b)(6), (b)(3), (b)(7)(E) | One of the Exemptions DHS applied to this record, (b)(6), is not challenged here. DHS applied the (b)(3) Exemption to information in this email correspondence where such information reveals a source and method that I&A uses to detect cyber intrusions or the presence of cyber abnormalities that may be indicative of malicious cyber threats. Because the withheld information is a source and method of cyber threat intelligence, release of it would reveal I&A's intelligence sources and | From: [Redacted] Sent: 08/31/2016, 3:52PM To: [Redacted] CC: [Redacted] Subject: "RE: NASS Election Alert: FBI Alert – Targeting Activity Against State Boar of Election Systems" |

DHS Office of Intelligence & Analysis Vaughn Index
James Madison Project v. Department of Justice, Civil Action No. 16-2531 (D.D.C.)

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | | | methods, especially as it pertains to cyber threat actor/intrusion information.<br><br>DHS applied the (b)(7)(E) Exemption to this email correspondence to protect law enforcement information that would disclose techniques and procedures for law enforcement investigations. The withheld information from this email under the (b)(7)(E) Exemption pertains to a method that law enforcement officials use to detect and investigate potential cyber crimes. If released, this information could allow cyber threat actors to disguise their criminal activity to avoid detection by law enforcement in the future. | |
| 27 | Email entitled: "RE: NASS Election Alert: FBI Alert – Targeting Activity Against | 08/31/2016 | 000026 | (b)(6) | The only Exemption DHS applied to this record, (b)(6), is not challenged here. | From: [Redacted] Sent: 08/31/2016, 9:45AM To: [Redacted] Subject: "RE: NASS Election Alert: FBI |

DHS Office of Intelligence & Analysis Vaughn Index
James Madison Project v. Department of Justice, Civil Action No. 16-2531 (D.D.C.)

| | | | | | | |
|---|---|---|---|---|---|---|
| | State Boar of Election Systems" | | | | | Alert – Targeting Activity Against State Boar of Election Systems" |
| 28 | Email entitled: "FW: Request for Information: Cyber Threats to US Electoral Systems" | 03/23/2017 | 000027 | (b)(6) | The only Exemption DHS applied to this record, (b)(6), is not challenged here. | From: [Redacted] Sent: 03/23/2017, 4:36PM To: [Redacted] Subject: "FW: Request for Information: Cyber Threats to US Electoral Systems" |
| 29 | Email entitled: "FW: Request for Information: Cyber Threats to US Electoral Systems" | 11/03/2016 | 000027 | (b)(6) | The only Exemption DHS applied to this record, (b)(6), is not challenged here. | From: [Redacted] Sent: 11/03/2016, 5:45PM To: [Redacted] Subject: "FW: Request for Information: Cyber Threats to US Electoral Systems" |
| 30 | Email entitled: "JOINT DHS, ODNI, FBI STATEMENT ON RUSSIAN MALICIOUS CYBER ACTIVITY" | 12/29/2016 | 000028-29 | (b)(6) | The only Exemption DHS applied to this record, (b)(6), is not challenged here. | From: DHS.IGA Sent: 12/29/2016 To: DHS.IGA Subject: "JOINT DHS, ODNI, FBI STATEMENT ON RUSSIAN MALICIOUS |

22

DHS Office of Intelligence & Analysis Vaughn Index
James Madison Project v. Department of Justice, Civil Action No. 16-2531 (D.D.C.)

| | | | | | | CYBER ACTIVITY" |
|---|---|---|---|---|---|---|
| 31 | Email entitled: "RE: NASS Election Alert: FBI Alert—Targeting Activity Against State Board of Election Systems" | 10/07/2016 | 000030-31 | (b)(6), (b)(3), (b)(7)(E), (b)(5) | One of the Exemptions DHS applied to this record, (b)(6), is not challenged here. DHS applied the (b)(3) Exemption to information in this email correspondence where such information in the email reveals a source and method that I&A uses to detect cyber intrusions or the presence of cyber abnormalities that may be indicative of malicious cyber threats. The withheld information is a source of cyber threat intelligence. Release of the withheld information would reveal I&A's intelligence sources and methods, especially as it pertains to cyber threat actor/intrusion information.<br><br>DHS applied the (b)(7)(E) Exemption to this email correspondence to protect law enforcement information that would disclose techniques and procedures | From: [Redacted] Sent: 10/07/2016, 2:34PM To: [Redacted] CC: [Redacted] Subject: "RE: NASS Election Alert: FBI Alert—Targeting Activity Against State Board of Election Systems" |

23

DHS Office of Intelligence & Analysis Vaughn Index
James Madison Project v. Department of Justice, Civil Action No. 16-2531 (D.D.C.)

| | | | | | for law enforcement investigations. The information withheld from this email under the (b)(7)(E) Exemption pertains to a method that law enforcement officials use to detect and investigate potential cyber crimes. If released, this information could allow cyber threat actors to disguise their criminal activity to avoid detection by law enforcement in the future.<br><br>DHS applied the (b)(5) Exemption to this email correspondence to protect the deliberative process of DHS officials. The information withheld under the (b)(5) Exemption here reflects the developing, provisional, or preliminary assessment about a possible cyber intrusion. This information must be withheld in order to protect the decision-making processes of DHS from | |
|---|---|---|---|---|---|---|

24

DHS Office of Intelligence & Analysis Vaughn Index
James Madison Project v. Department of Justice, Civil Action No. 16-2531 (D.D.C.)

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | | | public scrutiny in order to enhance the quality of agency decisions. Disclosure of the information at issue would severely hamper the efficient day-to-day workings of the Department, as individuals would no longer feel free to discuss their ideas, strategies, and advice regarding emergent cyber threats. Additionally, release of this information could result in pubic harm stemming from confusion as to the Department's official or final assessment of a matter, which may not be the same as the Department's preliminary assessment of the same. | |
| 32 | Email entitled: "RE: DHS IIR Background Info" | 10/31/2016 | 000032 | (b)(6), (b)(3), (b)(7)(E) | One of the Exemptions DHS applied to this record, (b)(6), is not challenged here. DHS applied the (b)(3) Exemption to information in this email correspondence where such information reveals a source or method that I&A uses to detect cyber | From: [Redacted] Sent: 10/31/2016, 5:16PM To: [Redacted] (MW) (FBI) Subject: "RE: DHS IIR Background Info" |

| | | | | | |
|---|---|---|---|---|---|
| | | | | | intrusions or the presence of cyber abnormalities that may be indicative of malicious cyber threats. Because the withheld information is a source or method of cyber threat intelligence, release of it would reveal I&A's intelligence sources and methods, especially as it pertains to cyber threat actor/intrusion information. |  |
| | | | | | DHS applied the (b)(7)(E) Exemption to information in this email correspondence to protect law enforcement information that would disclose techniques and procedures for law enforcement investigations. The withheld information from this email under the (b)(7)(E) Exemption pertains to a method that law enforcement officials use to detect and investigate potential cyber crimes. If released, this information could allow cyber threat actors to disguise their |  |

26

DHS Office of Intelligence & Analysis Vaughn Index
James Madison Project v. Department of Justice, Civil Action No. 16-2531 (D.D.C.)

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | | | criminal activity to avoid detection by law enforcement in the future. | |
| 33 | Email entitled: "RE: DHS IIR Background Info" | 10/28/2016 | 000032 | (b)(6) | The only Exemption DHS applied to this record, (b)(6), is not challenged here. | From: [Redacted] Sent: 10/28/2016, 7:32PM To: [Redacted] (MW) (FBI) Subject: "RE: DHS IIR Background Info" |
| 34 | Email entitled: "RE: DHS IIR Background Info" | 10/28/2016 | 000033 | (b)(6) | The only Exemption DHS applied to this record, (b)(6), is not challenged here. | From: [Redacted] Sent: 10/28/2016, 3:06PM To: [Redacted] (MW) (FBI) Subject: "RE: DHS IIR Background Info" |
| 35 | Email entitled: "RE: Election incidents" | 02/13/2017 | 000034 | (b)(6) | The only Exemption DHS applied to this record, (b)(6), is not challenged here. | From: [Redacted] Sent: 02/13/2017, 1:18PM To: [Redacted] Subject: "RE: Election incidents" |
| 36 | Email entitled: "RE: Election incidents" | 02/13/2017 | 000034 | (b)(6), (b)(3), (b)(7)(E), | Plaintiff is not challenging I&A's application of the (b)(6) Exemption.<br><br>DHS applied the (b)(3) Exemption to information in | From: [Redacted] Sent: 02/13/2017, 12:10PM To: [Redacted] Subject: "RE: Election incidents" |

27

DHS Office of Intelligence & Analysis Vaughn Index
James Madison Project v. Department of Justice, Civil Action No. 16-2531 (D.D.C.)

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | | | this email correspondence where such information reveals sources or methods that I&A uses to detect cyber intrusions or the presence of cyber abnormalities that may be indicative of malicious cyber threats. Because the withheld information contains sources or methods of cyber threat intelligence, release of it would reveal I&A's intelligence sources and methods, especially as it pertains to cyber threat actor/intrusion information.<br><br>DHS applied the (b)(7)(E) Exemption to information in this email correspondence to protect law enforcement information that would disclose techniques and procedures for law enforcement investigations. The withheld information from this email under the (b)(7)(E) Exemption pertains to methods that law enforcement officials use to detect and investigate | |

DHS Office of Intelligence & Analysis Vaughn Index
James Madison Project v. Department of Justice, Civil Action No. 16-2531 (D.D.C.)

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | | | potential cyber crimes. If released, this information could allow cyber threat actors to disguise their criminal activity to avoid detection by law enforcement in the future. | |
| 37 | Email entitled: "RE: Election incidents" | 02/13/2017 | 000034 | (b)(6), (b)(3), (b)(7)(E), | One of the Exemptions DHS applied to this record, (b)(6), is not challenged here. DHS applied the (b)(3) Exemption to information in this email correspondence where such information reveals sources or methods that I&A uses to detect cyber intrusions or the presence of cyber abnormalities that may be indicative of malicious cyber threats. Because the withheld information contains sources or methods of cyber threat intelligence, release of it would reveal I&A's intelligence sources and methods, especially as it pertains to cyber threat actor/intrusion information.<br><br>DHS applied the (b)(7)(E) Exemption to this email | From: [Redacted] Sent: 02/13/2017, 6:03PM To: [Redacted] Subject: "RE: Election incidents" |

DHS Office of Intelligence & Analysis Vaughn Index
James Madison Project v. Department of Justice, Civil Action No. 16-2531 (D.D.C.)

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | | | correspondence to protect law enforcement information that would disclose techniques and procedures for law enforcement investigations. The withheld information from this email under the (b)(7)(E) Exemption pertains to methods that law enforcement officials use to detect and investigate potential cybercrimes. If released, this information could allow cyber threat actors to disguise their criminal activity to avoid detection by law enforcement in the future. | |
| 38 | Email entitled: "RE: Election incidents" | 12/20/2016 | 000035 | (b)(6) | The only Exemption DHS applied to this record, (b)(6), is not challenged here. | From: [Redacted] Sent: 12/20/2016, 6:41AM To: [Redacted] Subject: "RE: Election incidents" |
| 39 | Email entitled: "RE: Election incidents" | 12/19/2016 | 000035 | (b)(6), (b)(3), (b)(7)(E), (b)(5) | One of the Exemptions DHS applied to this record, (b)(6), is not challenged here. DHS applied the (b)(3) Exemption to information in this email correspondence | From: [Redacted] Sent: 12/19/2016, 6:06PM To: [Redacted] Subject: "RE: Election incidents" |

30

DHS Office of Intelligence & Analysis Vaughn Index
James Madison Project v. Department of Justice, Civil Action No. 16-2531 (D.D.C.)

| | | | | | where such information reveals sources or methods that I&A uses to detect cyber intrusions or the presence of cyber abnormalities that may be indicative of malicious cyber threats. Because the withheld information contains sources or methods of cyber threat intelligence, release of it would reveal I&A's intelligence sources and methods, especially as it pertains to cyber threat actor/intrusion information.<br><br>DHS applied the (b)(7)(E) Exemption to this email correspondence to protect law enforcement information that would disclose techniques and procedures for law enforcement investigations. The withheld information from this email under the (b)(7)(E) Exemption pertains to methods that law enforcement officials use to detect and investigate potential cybercrimes. If | |

31

DHS Office of Intelligence & Analysis Vaughn Index
James Madison Project v. Department of Justice, Civil Action No. 16-2531 (D.D.C.)

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | | | released, this information could allow cyber threat actors to disguise their criminal activity to avoid detection by law enforcement in the future.<br><br>DHS applied the (b)(5) Exemption to this email correspondence to protect the deliberative process of DHS officials. The information withheld under the (b)(5) Exemption here reflects the developing, provisional, or preliminary assessment about a possible cyber intrusion. This information must be withheld in order to protect the decision-making processes of DHS from public scrutiny in order to enhance the quality of agency decisions. Disclosure of the information at issue would severely hamper the efficient day-to-day workings of the Department, as individuals would no longer feel free to discuss their ideas, strategies, | |

32

DHS Office of Intelligence & Analysis Vaughn Index
James Madison Project v. Department of Justice, Civil Action No. 16-2531 (D.D.C.)

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | | | and advice regarding emergent cyber threats. Additionally, release of this information could result in pubic harm stemming from confusion as to the Department's official or final assessment of a matter, which may not be the same as the Department's preliminary assessment of the same. | |
| 40 | Email entitled: "RE: Election incidents" | 11/18/2016 | 000035-36 | (b)(6), (b)(3), (b)(7)(E), (b)(5) | One of the Exemptions DHS applied to this record, (b)(6), is not challenged here. DHS applied the (b)(3) Exemption to information in this email correspondence where such information reveals sources or methods that I&A uses to detect cyber intrusions or the presence of cyber abnormalities that may be indicative of malicious cyber threats. Because the withheld information contains sources or methods of cyber threat intelligence, release of it would reveal I&A's intelligence sources and methods, especially as it | From: [Redacted] Sent: 11/18/2016, 2:49PM To: [Redacted] Subject: "RE: Election incidents" |

33

DHS Office of Intelligence & Analysis Vaughn Index
James Madison Project v. Department of Justice, Civil Action No. 16-2531 (D.D.C.)

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | | | pertains to cyber threat actor/intrusion information.<br><br>DHS applied the (b)(7)(E) Exemption to this email correspondence to protect law enforcement information that would disclose techniques and procedures for law enforcement investigations. The withheld information from this email under the (b)(7)(E) Exemption pertains to methods that law enforcement officials use to detect and investigate potential cybercrimes. If released, this information could allow cyber threat actors to disguise their criminal activity to avoid detection by law enforcement in the future.<br><br>DHS applied the (b)(5) Exemption to this email correspondence to protect the deliberative process of DHS officials. The information withheld under | |

34

DHS Office of Intelligence & Analysis Vaughn Index
James Madison Project v. Department of Justice, Civil Action No. 16-2531 (D.D.C.)

| | | | | | the (b)(5) Exemption here reflects the developing, provisional, or preliminary assessment about a possible cyber intrusion. This information must be withheld in order to protect the decision-making processes of DHS from public scrutiny in order to enhance the quality of agency decisions. Disclosure of the information at issue would severely hamper the efficient day-to-day workings of the Department, as individuals would no longer feel free to discuss their ideas, strategies, and advice regarding emergent cyber threats. Additionally, release of this information could result in pubic harm stemming from confusion as to the Department's official or final assessment of a matter, which may not be the same as the Department's preliminary assessment of the same. | |

DHS Office of Intelligence & Analysis Vaughn Index
James Madison Project v. Department of Justice, Civil Action No. 16-2531 (D.D.C.)

| 41 | Email entitled: "RE: Election incidents" | 11/18/2016 | 000036 | (b)(6) | The only Exemption DHS applied to this record, (b)(6), is not challenged here. | From: [Redacted] Sent: 11/18/2016, 8:12AM To: [Redacted] Subject: "RE: Election incidents" |
|----|------|------|------|------|------|------|
| 42 | Email entitled: "RE: Election incidents" | 11/18/2016 | 000036 | (b)(6), (b)(3), (b)(7)(E), | One of the Exemptions DHS applied to this record, (b)(6), is not challenged here. DHS applied the (b)(3) Exemption to information in this email correspondence where such information reveals sources or methods that I&A uses to detect cyber intrusions or the presence of cyber abnormalities that may be indicative of malicious cyber threats. Because the withheld information contains sources or methods of cyber threat intelligence, release of it would reveal I&A's intelligence sources and methods, especially as it pertains to cyber threat actor/intrusion information. DHS applied the (b)(7)(E) Exemption to this email correspondence to protect | From: [Redacted] Sent: 11/18/2016, 10:51AM To: [Redacted] Subject: "RE: Election incidents" |

36

DHS Office of Intelligence & Analysis Vaughn Index
James Madison Project v. Department of Justice, Civil Action No. 16-2531 (D.D.C.)

| | | | | | law enforcement information that would disclose techniques and procedures for law enforcement investigations. The withheld information from this email under the (b)(7)(E) Exemption pertains to methods that law enforcement officials use to detect and investigate potential cybercrimes. If released, this information could allow cyber threat actors to disguise their criminal activity to avoid detection by law enforcement in the future. | |
|---|---|---|---|---|---|---|
| 43 | Email entitled: "RE: Election incidents" | 11/16/2016 | 000036-000037 | (b)(6) | The only Exemption DHS applied to this record, (b)(6), is not challenged here. | From: [Redacted] Sent: 11/16/2016, 7:26PM To: [Redacted] Subject: "RE: Election incidents" |
| 44 | Email entitled: "RE: Election incidents" | 11/16/2016 | 000037 | (b)(6) | The only Exemption DHS applied to this record, (b)(6), is not challenged here. | From: [Redacted] Sent: 11/16/2016, 10:01PM To: [Redacted] Subject: "RE: Election incidents" |

37

DHS Office of Intelligence & Analysis Vaughn Index
James Madison Project v. Department of Justice, Civil Action No. 16-2531 (D.D.C.)

| 45 | Email entitled: "RE: Election incidents" | 11/16/2016 | 000037-38 | (b)(6), (b)(3), (b)(7)(E), | One of the Exemptions DHS applied to this record, (b)(6), is not challenged here. DHS applied the (b)(3) Exemption to information in this email correspondence where such information reveals sources or methods that I&A uses to detect cyber intrusions or the presence of cyber abnormalities that may be indicative of malicious cyber threats. Because the withheld information contains sources or methods of cyber threat intelligence, release of it would reveal I&A's intelligence sources and methods, especially as it pertains to cyber threat actor/intrusion information.<br><br>DHS applied the (b)(7)(E) Exemption to this email correspondence to protect law enforcement information that would disclose techniques and procedures for law enforcement investigations. The withheld information from this email | From: [Redacted]<br>Sent: 11/16/2016, 3:45PM<br>To: [Redacted]<br>Subject: "RE: Election incidents" |

38

DHS Office of Intelligence & Analysis Vaughn Index
James Madison Project v. Department of Justice, Civil Action No. 16-2531 (D.D.C.)

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | | | under the (b)(7)(E) Exemption pertains to methods that law enforcement officials use to detect and investigate potential cybercrimes. If released, this information could allow cyber threat actors to disguise their criminal activity to avoid detection by law enforcement in the future. | |
| 46 | Email entitled: "RE: Election incidents" | 11/16/2016 | 000038-39 | (b)(6), (b)(3), (b)(7)(E), | One of the Exemptions DHS applied to this record, (b)(6), is not challenged here. DHS applied the (b)(3) Exemption to information in this email correspondence where such information reveals sources or methods that I&A uses to detect cyber intrusions or the presence of cyber abnormalities that may be indicative of malicious cyber threats. Because the withheld information contains sources or methods of cyber threat intelligence, release of it would reveal I&A's intelligence sources and methods, especially as it | From: [Redacted] Sent: 11/16/2016, 1:37PM To: [Redacted] Subject: "RE: Election incidents" |

DHS Office of Intelligence & Analysis Vaughn Index
James Madison Project v. Department of Justice, Civil Action No. 16-2531 (D.D.C.)

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | | | pertains to cyber threat actor/intrusion information.<br><br>DHS applied the (b)(7)(E) Exemption to this email correspondence to protect law enforcement information that would disclose techniques and procedures for law enforcement investigations. The withheld information from this email under the (b) (7) (E) Exemption pertains to methods that law enforcement officials use to detect and investigate potential cyber crimes. If released, this information could allow cyber threat actors to disguise their criminal activity to avoid detection by law enforcement in the future. | |
| 47 | Email entitled: "RE: Election incidents" | 11/16/2016 | 000039 | (b)(6), (b)(3), (b)(7)(E) | One of the Exemptions DHS applied to this record, (b) (6), is not challenged here.<br>DHS applied the (b) (3) Exemption to information in this email correspondence | From: [Redacted]<br>Sent: 11/16/2016, 12:49PM<br>To: [Redacted]<br>Subject: "RE: Election incidents" |

40

DHS Office of Intelligence & Analysis Vaughn Index
James Madison Project v. Department of Justice, Civil Action No. 16-2531 (D.D.C.)

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | | | where such information reveals sources or methods that I&A uses to detect cyber intrusions or the presence of cyber abnormalities that may be indicative of malicious cyber threats. Because the withheld information contains sources or methods of cyber threat intelligence, release of it would reveal I&A's intelligence sources and methods, especially as it pertains to cyber threat actor/intrusion information.<br><br>DHS applied the (b)(7)(E) Exemption to this email correspondence to protect law enforcement information that would disclose techniques and procedures for law enforcement investigations. The withheld information from this email under the (b)(7)(E) Exemption pertains to methods that law enforcement officials use to detect and investigate potential cybercrimes. If | |

DHS Office of Intelligence & Analysis Vaughn Index
James Madison Project v. Department of Justice, Civil Action No. 16-2531 (D.D.C.)

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | | | released, this information could allow cyber threat actors to disguise their criminal activity to avoid detection by law enforcement in the future. | |
| 48 | Email entitled: "RE: Election incidents" | 11/15/2016 | 000039-40 | (b)(6), (b)(3), (b)(7)(E), | Plaintiff is not challenging I&A's application of the (b)(6) Exemption.

DHS applied the (b)(3) Exemption to information in this email correspondence where such information reveals sources or methods that I&A uses to detect cyber intrusions or the presence of cyber abnormalities that may be indicative of malicious cyber threats. Because the withheld information contains sources or methods of cyber threat intelligence, release of it would reveal I&A's intelligence sources and methods, especially as it pertains to cyber threat actor/intrusion information.

DHS applied the (b)(7)(E) Exemption to this email | From: [Redacted] Sent: 11/15/2016, 6:30PM To: [Redacted] Subject: "RE: Election incidents" |

DHS Office of Intelligence & Analysis Vaughn Index
James Madison Project v. Department of Justice, Civil Action No. 16-2531 (D.D.C.)

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | | | correspondence to protect law enforcement information that would disclose techniques and procedures for law enforcement investigations. The withheld information from this email under the (b)(7)(E) Exemption pertains to methods that law enforcement officials use to detect and investigate potential cybercrimes. If released, this information could allow cyber threat actors to disguise their criminal activity to avoid detection by law enforcement in the future. | |
| 49 | Email entitled: "RE: Election incidents" | 11/15/2016 | 000040 | (b)(6), (b)(3), (b)(7)(E), | One of the Exemptions DHS applied to this record, (b)(6), is not challenged here. DHS applied the (b)(3) Exemption to information in this email correspondence where such information reveals sources or methods that I&A uses to detect cyber intrusions or the presence of cyber abnormalities that may be indicative of malicious | From: [Redacted] Sent: 11/15/2016, 7:03AM To: [Redacted] Subject: "RE: Election incidents" |

43

DHS Office of Intelligence & Analysis Vaughn Index
James Madison Project v. Department of Justice, Civil Action No. 16-2531 (D.D.C.)

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | | | cyber threats. Because the withheld information contains sources or methods of cyber threat intelligence, release of it would reveal I&A's intelligence sources and methods, especially as it pertains to cyber threat actor/intrusion information.<br><br>DHS applied the (b)(7)(E) Exemption to this email correspondence to protect law enforcement information that would disclose techniques and procedures for law enforcement investigations. The withheld information from this email under the (b)(7)(E) Exemption pertains to methods that law enforcement officials use to detect and investigate potential cybercrimes. If released, this information could allow cyber threat actors to disguise their criminal activity to avoid detection by law enforcement in the future. | |

DHS Office of Intelligence & Analysis Vaughn Index
James Madison Project v. Department of Justice, Civil Action No. 16-2531 (D.D.C.)

| 50 | Email entitled: "RE: Election incidents" | 11/13/2016 | 000040-41 | (b)(6), (b)(3), (b)(7)(E), | One of the Exemptions DHS applied to this record, (b)(6), is not challenged here. DHS applied the (b)(3) Exemption to information in this email correspondence where such information reveals sources or methods that I&A uses to detect cyber intrusions or the presence of cyber abnormalities that may be indicative of malicious cyber threats. Because the withheld information contains sources or methods of cyber threat intelligence, release of it would reveal I&A's intelligence sources and methods, especially as it pertains to cyber threat actor/intrusion information.<br><br>DHS applied the (b)(7)(E) Exemption to this email correspondence to protect law enforcement information that would disclose techniques and procedures for law enforcement investigations. The withheld information from this email | From: [Redacted] Sent: 11/13/2016, 2:42PM To: [Redacted] Subject: "RE: Election incidents" |
|---|---|---|---|---|---|---|

DHS Office of Intelligence & Analysis Vaughn Index
James Madison Project v. Department of Justice, Civil Action No. 16-2531 (D.D.C.)

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | | | under the (b)(7)(E) Exemption pertains to methods that law enforcement officials use to detect and investigate potential cybercrimes. If released, this information could allow cyber threat actors to disguise their criminal activity to avoid detection by law enforcement in the future. | |
| 51 | Email entitled: "RE: Election incidents" | 09/09/2016 | 000041 | (b)(6) | The only Exemption DHS applied to this record, (b)(6), is not challenged here. | From: [Redacted] Sent: 09/09/2016, 2:47PM To: [Redacted] Subject: "RE: Election incidents" |
| 52 | Email entitled: "RE: Election incidents" | 09/01/2016 | 000041-43 | (b)(6), (b)(3), (b)(7)(E), | One of the Exemptions DHS applied to this record, (b)(6), is not challenged here. DHS applied the (b)(3) Exemption to information in this email correspondence where such information reveals sources or methods that I&A uses to detect cyber intrusions or the presence of cyber abnormalities that may be indicative of malicious cyber threats. Because the | From: [Redacted] Sent: 09/01/2016, 2:53PM To: [Redacted] Subject: "RE: Election incidents" |

DHS Office of Intelligence & Analysis Vaughn Index
James Madison Project v. Department of Justice, Civil Action No. 16-2531 (D.D.C.)

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | | | withheld information contains sources or methods of cyber threat intelligence, release of it would reveal I&A's intelligence sources and methods, especially as it pertains to cyber threat actor/intrusion information.<br><br>DHS applied the (b)(7)(E) Exemption to this email correspondence to protect law enforcement information that would disclose techniques and procedures for law enforcement investigations. The withheld information from this email under the (b)(7)(E) Exemption pertains to methods that law enforcement officials use to detect and investigate potential cybercrimes. If released, this information could allow cyber threat actors to disguise their criminal activity to avoid detection by law enforcement in the future. | |

DHS Office of Intelligence & Analysis Vaughn Index
James Madison Project v. Department of Justice, Civil Action No. 16-2531 (D.D.C.)

| 53 | Email entitled: "RE: FBI Cyber request regarding DHS WSIC IIR" | 10/28/2016 | 000044 | (b)(3), (b)(7)(E) | DHS applied the (b)(3) Exemption to information in this email correspondence where such information reveals sources or methods that I&A uses to detect cyber intrusions or the presence of cyber abnormalities that may be indicative of malicious cyber threats. Because the withheld information contains sources or methods of cyber threat intelligence, release of it would reveal I&A's intelligence sources and methods, especially as it pertains to cyber threat actor/intrusion information.<br><br>DHS applied the (b)(7)(E) Exemption to this email correspondence to protect law enforcement information that would disclose techniques and procedures for law enforcement investigations. The withheld information from this email under the (b)(7)(E) Exemption pertains to methods that law | From: [Redacted] Sent: 10/28/2016, 3:02PM To: [Redacted] CC: [redacted] Subject: "RE: FBI Cyber request regarding DHS WSIC IIR" |

DHS Office of Intelligence & Analysis Vaughn Index
James Madison Project v. Department of Justice, Civil Action No. 16-2531 (D.D.C.)

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | | | enforcement officials use to detect and investigate potential cybercrimes. If released, this information could allow cyber threat actors to disguise their criminal activity to avoid detection by law enforcement in the future. | |
| 54 | Email entitled: "FBI Cyber request regarding DHS WSIC IIR" | 10/28/2016 | 000044-45 | (b)(3), (b)(7)(E) | DHS applied the (b)(3) Exemption to information in this email correspondence where such information reveals sources or methods that I&A uses to detect cyber intrusions or the presence of cyber abnormalities that may be indicative of malicious cyber threats. Because the withheld information contains sources or methods of cyber threat intelligence, release of it would reveal I&A's intelligence sources and methods, especially as it pertains to cyber threat actor/intrusion information.<br><br>DHS applied the (b)(7)(E) Exemption to this email | From: [Redacted] Sent: 10/28/2016, 1:31PM To: [Redacted] CC: [redacted] Subject: "RE: FBI Cyber request regarding DHS WSIC IIR" |

49

DHS Office of Intelligence & Analysis Vaughn Index
James Madison Project v. Department of Justice, Civil Action No. 16-2531 (D.D.C.)

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | | | correspondence to protect law enforcement information that would disclose techniques and procedures for law enforcement investigations. The withheld information from this email under the (b)(7)(E) Exemption pertains to methods that law enforcement officials use to detect and investigate potential cybercrimes. If released, this information could allow cyber threat actors to disguise their criminal activity to avoid detection by law enforcement in the future. | |
| 55 | Email entitled: "DHS IIR Background Info" | 10/28/2016 | 000045 | (b)(6) | The only Exemption DHS applied to this record, (b)(6), is not challenged here. | From:[redacted] Sent: 10/28/2016 To: [Redacted] Subject: "DHS IIR Background Info" |
| 56 | Email entitled: "RE: FW: CO Info" | 02/27/2017 | 000046-48 | (b)(6), (b)(3), (b)(7)(E), (b)(5) | One of the Exemptions DHS applied to this record, (b)(6), is not challenged here. DHS applied the (b)(3) Exemption to information in this email correspondence | From: [Redacted] Sent: 02/27/2017 To: [Redacted] CC: [Redacted] Subject: "RE: FW: CO Info" |

DHS Office of Intelligence & Analysis Vaughn Index
James Madison Project v. Department of Justice, Civil Action No. 16-2531 (D.D.C.)

| | | | | | where such information reveals sources or methods that I&A uses to detect cyber intrusions or the presence of cyber abnormalities that may be indicative of malicious cyber threats. Because the withheld information contains sources or methods of cyber threat intelligence, release of it would reveal I&A's intelligence sources and methods, especially as it pertains to cyber threat actor/intrusion information.<br><br>DHS applied the (b)(7)(E) Exemption to this email correspondence to protect law enforcement information that would disclose techniques and procedures for law enforcement investigations. The withheld information from this email under the (b)(7)(E) Exemption pertains to methods that law enforcement officials use to detect and investigate potential cybercrimes. If | |
|---|---|---|---|---|---|---|

51

DHS Office of Intelligence & Analysis Vaughn Index
James Madison Project v. Department of Justice, Civil Action No. 16-2531 (D.D.C.)

| | | | | | released, this information could allow cyber threat actors to disguise their criminal activity to avoid detection by law enforcement in the future.<br><br>DHS applied the (b)(5) Exemption to this email correspondence to protect the deliberative process of DHS officials. The information withheld under the (b)(5) Exemption here reflects the developing, provisional, or preliminary assessment about a possible cyber intrusion. This information must be withheld in order to protect the decision-making processes of DHS from public scrutiny in order to enhance the quality of agency decisions. Disclosure of the information at issue would severely hamper the efficient day-to-day workings of the Department, as individuals would no longer feel free to discuss their ideas, strategies, | |
|---|---|---|---|---|---|---|

52

DHS Office of Intelligence & Analysis Vaughn Index
James Madison Project v. Department of Justice, Civil Action No. 16-2531 (D.D.C.)

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | | | and advice regarding emergent cyber threats. Additionally, release of this information could result in pubic harm stemming from confusion as to the Department's official or final assessment of a matter, which may not be the same as the Department's preliminary assessment of the same. | |
| 57 | Email entitled: "RE:CO Info" | 02/14/2017 | 000048-49 | (b)(6) | The only Exemption DHS applied to this record, (b)(6), is not challenged here. | From: [Redacted] Sent: 02/27/2017 To: [Redacted] CC: [Redacted] Subject: "RE: FW: CO Info" |
| 58 | Email entitled: "CO Info" | 02/14/2017 | 000049-50 | (b)(6), (b)(3), (b)(7)(E) | One of the Exemptions DHS applied to this record, (b)(6), is not challenged here. DHS applied the (b)(3) Exemption to information in this email correspondence where such information reveals sources or methods that I&A uses to detect cyber intrusions or the presence of cyber abnormalities that may be indicative of malicious cyber threats. Because the | From: [Redacted] Sent: 02/14/2017, 9:57AM To: [Redacted] Subject: CO Info |

53

DHS Office of Intelligence & Analysis Vaughn Index
James Madison Project v. Department of Justice, Civil Action No. 16-2531 (D.D.C.)

| | | | | | withheld information contains sources or methods of cyber threat intelligence, release of it would reveal I&A's intelligence sources and methods, especially as it pertains to cyber threat actor/intrusion information.<br><br>DHS applied the (b)(7)(E) Exemption to this email correspondence to protect law enforcement information that would disclose techniques and procedures for law enforcement investigations. The withheld information from this email under the (b)(7)(E) Exemption pertains to methods that law enforcement officials use to detect and investigate potential cybercrimes. If released, this information could allow cyber threat actors to disguise their criminal activity to avoid detection by law enforcement in the future. | |

54

DHS Office of Intelligence & Analysis Vaughn Index
James Madison Project v. Department of Justice, Civil Action No. 16-2531 (D.D.C.)

| 59 | Email entitled: "RE: HOT!!! RE: RFI-00029-17 Cyber Threats to Private Sector Partners" | 10/14/2016 | 000051 | (b)(6) | The only Exemption DHS applied to this record, (b)(6), is not challenged here. | From: [Redacted] Sent: 10/14/2016, 4:49PM To: [Redacted] CC: [Redacted] Subject: "RE: HOT!!! RE: RFI-00029-17 Cyber Threats to Private Sector Partners" |
|---|---|---|---|---|---|---|
| 60 | Email entitled: "RE: HOT!!! RE: RFI-00029-17 Cyber Threats to Private Sector Partners" | 10/14/2016 | 000051 | (b)(6) | The only Exemption DHS applied to this record, (b)(6), is not challenged here. | From: [Redacted] Sent: 10/14/2016, 3:48PM To: [Redacted] CC: [Redacted] Subject: "RE: HOT!!! RE: RFI-00029-17 Cyber Threats to Private Sector Partners" |
| 61 | Email entitled: "RE: HOT!!! RE: RFI-00029-17 Cyber Threats to Private Sector Partners" | 10/14/2016 | 000051-52 | (b)(6) | The only Exemption DHS applied to this record, (b)(6), is not challenged here. | From: [Redacted] Sent: 10/14/2016, 3:25PM To: [Redacted] CC: [Redacted] Subject: "RE: HOT!!! RE: RFI- |

DHS Office of Intelligence & Analysis Vaughn Index
James Madison Project v. Department of Justice, Civil Action No. 16-2531 (D.D.C.)

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | | | | 00029-17 Cyber Threats to Private Sector Partners" |
| 62 | Email entitled: "RE: HOT!!! RE: RFI-00029-17 Cyber Threats to Private Sector Partners" | 10/06/2016 | 000052 | (b)(6) | The only Exemption DHS applied to this record, (b)(6), is not challenged here. | From: [Redacted] Sent: 10/06/2016, 7:15AM To: [Redacted] CC: [Redacted] Subject: "RE: HOT!!! RE: RFI-00029-17 Cyber Threats to Private Sector Partners" |
| 63 | Email entitled: "RFI-00029-17 Cyber Threats to Private Sector Partners" | 10/06/2016 | | (b)(6), (b)(3), (b)(7)(E), (b)(5) | One of the Exemptions DHS applied to this record, (b)(6), is not challenged here. DHS applied the (b)(3) Exemption to information in this email correspondence where such information reveals sources or methods that I&A uses to detect cyber intrusions or the presence of cyber abnormalities that may be indicative of malicious cyber threats. Because the withheld information contains sources or methods of cyber threat intelligence, | From: [Redacted] Sent: 10/14/2016 To: [Redacted] CC: Field_Operations; Field Ops SRO; hqdeppax_rd Subject: "RFI-00029-17 Cyber Threats to Private Sector Partners" |

DHS Office of Intelligence & Analysis Vaughn Index
James Madison Project v. Department of Justice, Civil Action No. 16-2531 (D.D.C.)

| | | | | | release of it would reveal I&A's intelligence sources and methods, especially as it pertains to cyber threat actor/intrusion information.<br><br>DHS applied the (b)(7)(E) Exemption to this email correspondence to protect law enforcement information that would disclose techniques and procedures for law enforcement investigations. The withheld information from this email under the (b)(7)(E) Exemption pertains to methods that law enforcement officials use to detect and investigate potential cybercrimes. If released, this information could allow cyber threat actors to disguise their criminal activity to avoid detection by law enforcement in the future.<br><br>DHS applied the (b)(5) Exemption to this email correspondence to protect | |
|---|---|---|---|---|---|---|

57

DHS Office of Intelligence & Analysis Vaughn Index
James Madison Project v. Department of Justice, Civil Action No. 16-2531 (D.D.C.)

| | | | | | the deliberative process of DHS officials. The information withheld under the (b)(5) Exemption here reflects the developing, provisional, or preliminary assessment about a possible cyber intrusion. This information must be withheld in order to protect the decision-making processes of DHS from public scrutiny in order to enhance the quality of agency decisions. Disclosure of the information at issue would severely hamper the efficient day-to-day workings of the Department, as individuals would no longer feel free to discuss their ideas, strategies, and advice regarding. Additionally, release of this information could result in pubic harm stemming from confusion as to the Department's official or final assessment of a matter, which may not be the same as the Department's | |
| --- | --- | --- | --- | --- | --- | --- |

58

DHS Office of Intelligence & Analysis Vaughn Index
James Madison Project v. Department of Justice, Civil Action No. 16-2531 (D.D.C.)

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | | | preliminary assessment of the same. | |
| 64 | Email entitled: "RE: Huge spike in scan activity yesterday (and continuing today) on WI state systems, and media reporting that the election results in WI were either manipulated or hacked" | 11/23/2016 | 000054 | (b)(6) | Plaintiff is not challenging DHS's application of the (b)(6) Exemption here. | From: [Redacted] Sent: 11/23/2016, 1:33PM To: [Redacted] CC: [Redacted] Subject: "RE: Huge spike in scan activity yesterday (and continuing today) on WI state systems, and media reporting that the election results in WI were either manipulated or hacked" |
| 65 | Email entitled: "RE: Huge spike in scan activity yesterday (and continuing today) on WI state systems, and media reporting that the election results in WI were either manipulated or hacked" | 11/23/2016 | 000054-55 | (b)(3), (b)(7)(E) | DHS applied the (b)(3) Exemption to information in this email correspondence where such information reveals sources or methods that I&A uses to detect cyber intrusions or the presence of cyber abnormalities that may be indicative of malicious cyber threats. Because the withheld information contains sources or methods of cyber threat intelligence, release of it would reveal | From: [Redacted] Sent: 11/23/2016, 11:26AM To: [Redacted] CC: [Redacted] Subject: "RE: Huge spike in scan activity yesterday (and continuing today) on WI state systems, and media reporting that the election results in WI were |

DHS Office of Intelligence & Analysis Vaughn Index
James Madison Project v. Department of Justice, Civil Action No. 16-2531 (D.D.C.)

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | | | I&A's intelligence sources and methods, especially as it pertains to cyber threat actor/intrusion information.<br><br>DHS applied the (b)(7)(E) Exemption to this email correspondence to protect law enforcement information that would disclose techniques and procedures for law enforcement investigations. The withheld information from this email under the (b)(7)(E) Exemption pertains to methods that law enforcement officials use to detect and investigate potential cybercrimes. If released, this information could allow cyber threat actors to disguise their criminal activity to avoid detection by law enforcement in the future. | either manipulated or hacked" |
| 66 | Email entitled: "RE: Huge spike in scan activity yesterday (and continuing | 11/23/2016 | 000055 | (b)(6), (b)(3), (b)(7)(E), (b)(5) | One of the Exemptions DHS applied to this record, (b)(6), is not challenged here. DHS applied the (b)(3) Exemption to information in | From: [Redacted] Sent: 11/23/2016, 9:22AM To: [Redacted] CC: [Redacted] |

60

DHS Office of Intelligence & Analysis Vaughn Index
James Madison Project v. Department of Justice, Civil Action No. 16-2531 (D.D.C.)

| | | | | | |
|---|---|---|---|---|---|
| today) on WI state systems, and media reporting that the election results in WI were either manipulated or hacked" | | | | this email correspondence where such information reveals sources or methods that I&A uses to detect cyber intrusions or the presence of cyber abnormalities that may be indicative of malicious cyber threats. Because the withheld information contains sources or methods of cyber threat intelligence, release of it would reveal I&A's intelligence sources and methods, especially as it pertains to cyber threat actor/intrusion information. <br><br> DHS applied the (b)(7)(E) Exemption to this email correspondence to protect law enforcement information that would disclose techniques and procedures for law enforcement investigations. The withheld information from this email under the (b)(7)(E) Exemption pertains to methods that law enforcement officials use to detect and investigate | Subject: "RE: Huge spike in scan activity yesterday (and continuing today) on WI state systems, and media reporting that the election results in WI were either manipulated or hacked" |

DHS Office of Intelligence & Analysis Vaughn Index
James Madison Project v. Department of Justice, Civil Action No. 16-2531 (D.D.C.)

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | | | potential cybercrimes. If released, this information could allow cyber threat actors to disguise their criminal activity to avoid detection by law enforcement in the future.<br><br>DHS applied the (b)(5) Exemption to this email correspondence to protect the deliberative process of DHS officials. The information withheld under the (b)(5) Exemption here reflects the developing, provisional, or preliminary assessment about a possible cyber intrusion. This information must be withheld in order to protect the decision-making processes of DHS from public scrutiny in order to enhance the quality of agency decisions. Disclosure of the information at issue would severely hamper the efficient day-to-day workings of the Department, as individuals would no longer feel free to | |

62

DHS Office of Intelligence & Analysis Vaughn Index
James Madison Project v. Department of Justice, Civil Action No. 16-2531 (D.D.C.)

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | | | discuss their ideas, strategies, and advice regarding. Additionally, release of this information could result in pubic harm stemming from confusion as to the Department's official or final assessment of a matter, which may not be the same as the Department's preliminary assessment of the same. | |
| 67 | Email entitled: "RE: Huge spike in scan activity yesterday (and continuing today) on WI state systems, and media reporting that the election results in WI were either manipulated or hacked" | 11/23/2016 | 000055-56 | (b)(6), (b)(3), (b)(7)(E), (b)(5) | One of the Exemptions DHS applied to this record, (b)(6), is not challenged here. DHS applied the (b)(3) Exemption to information in this email correspondence where such information reveals sources or methods that I&A uses to detect cyber intrusions or the presence of cyber abnormalities that may be indicative of malicious cyber threats. Because the withheld information contains sources or methods of cyber threat intelligence, release of it would reveal I&A's intelligence sources and methods, especially as it | From: [Redacted] Sent: 11/23/2016, 9:00AM To: [Redacted] CC: [Redacted] Subject: "RE: Huge spike in scan activity yesterday (and continuing today) on WI state systems, and media reporting that the election results in WI were either manipulated or hacked" |

DHS Office of Intelligence & Analysis Vaughn Index
James Madison Project v. Department of Justice, Civil Action No. 16-2531 (D.D.C.)

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | | | pertains to cyber threat actor/intrusion information.<br><br>DHS applied the (b)(7)(E) Exemption to this email correspondence to protect law enforcement information that would disclose techniques and procedures for law enforcement investigations. The withheld information from this email under the (b)(7)(E) Exemption pertains to methods that law enforcement officials use to detect and investigate potential cybercrimes. If released, this information could allow cyber threat actors to disguise their criminal activity to avoid detection by law enforcement in the future.<br><br>DHS applied the (b)(5) Exemption t this email correspondence to protect the deliberative process of DHS officials. The information withheld under | |

64

DHS Office of Intelligence & Analysis Vaughn Index
James Madison Project v. Department of Justice, Civil Action No. 16-2531 (D.D.C.)

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | | | the (b)(5) Exemption here reflects the developing, provisional, or preliminary assessment about a possible cyber intrusion. This information must be withheld in order to protect the decision-making processes of DHS from public scrutiny in order to enhance the quality of agency decisions. Disclosure of the information at issue would severely hamper the efficient day-to-day workings of the Department, as individuals would no longer feel free to discuss their ideas, strategies, and advice regarding. Additionally, release of this information could result in pubic harm stemming from confusion as to the Department's official or final assessment of a matter, which may not be the same as the Department's preliminary assessment of the same. | |
| 68 | Field Analysis Report (FAR) | 02/21/2017 | 000057-62 | (b)(3), (b)(5) | DHS applied the (b)(3) Exemption to information in | FAR is a joint-seal product written by |

65

DHS Office of Intelligence & Analysis Vaughn Index
James Madison Project v. Department of Justice, Civil Action No. 16-2531 (D.D.C.)

| | | | | | |
|---|---|---|---|---|---|
| entitled: "North Carolina: Recent Spike in Election-Related Physical and Cyber Incidents Against Political Institutions [Redacted]" | | | | this Field Analysis Report (FAR) where such information reveals sources or methods that I&A uses to detect cyber intrusions or the presence of cyber abnormalities that may be indicative of malicious cyber threats. Because the withheld information contains sources or methods of cyber threat intelligence, release of it would reveal I&A's intelligence sources and methods, especially as it pertains to cyber threat actor/intrusion information. DHS applied the (b)(5) Exemption to this FAR to protect the preliminary assessments of DHS officials. Although the FAR is a finished intelligence product, the withheld information within it was included to provide situational awareness to I&A personnel, and therefore was properly withheld under the (b)(5) Exemption as a | DHS/I&A and the North Carolina Information Sharing and Analysis Center |

DHS Office of Intelligence & Analysis Vaughn Index
James Madison Project v. Department of Justice, Civil Action No. 16-2531 (D.D.C.)

| | | | | | developing, provisional, or preliminary assessment about possible cyber intrusions. This information must be withheld in order to protect the decision-making processes of DHS from public scrutiny in order to enhance the quality of agency decisions. Disclosure of the information at issue would severely hamper the efficient day-to-day workings of the Department, as individuals would no longer feel free to discuss their ideas, strategies, and advice regarding. Additionally, release of this information could result in pubic harm stemming from confusion as to the Department's official or final assessment of a matter, which may not be the same as the Department's preliminary assessment of the same. | |
|---|---|---|---|---|---|---|
| 69 | National Cybersecurity and Communications | 02/10/2017 | 000063-118 | Released in full | Publically available | |

DHS Office of Intelligence & Analysis Vaughn Index
James Madison Project v. Department of Justice, Civil Action No. 16-2531 (D.D.C.)

| | | | | | | |
|---|---|---|---|---|---|---|
| | Integration Center Product entitled: "Enhanced Analysis of Grizzly Steppe Activity," Reference No. AR-17-20045 | | | | | |
| 70 | Joint Product by the National Cybersecurity and Communications Integration Center and US-Computer Emergency Readiness Team (US-CERT) entitled: "Malware Initial Finding Report (MIFR)—10105049 – Update 2" | 01/23/2017 | 000119-000181 | Released in full | Publically available | |
| 71 | I&A logs of potential malicious cyber activities | Unspecified | 000182-191 | (b)(3), (b)(7)(E) | | |

68

DHS Office of Intelligence & Analysis Vaughn Index
James Madison Project v. Department of Justice, Civil Action No. 16-2531 (D.D.C.)

| 72 | DHS/I&A Request for Information | [Redacted] | 000192-194 | (b)(3) | DHS applied the (b)(3) Exemption to information in this Request for Information (RFI) from a state partner where information in the RFI reveals sources or methods that I&A uses to detect cyber intrusions or the presence of cyber abnormalities that may be indicative of malicious cyber threats. Because the withheld information contains sources or methods of cyber threat intelligence, release of it would reveal I&A's intelligence sources and methods, especially as it pertains to cyber threat actor/intrusion information. | Addressing information is redacted |
|---|---|---|---|---|---|---|
| 73 | I&A logs of potential malicious cyber activities | Unspecified | 000195-202 | (b)(3), (b)(7)(E) | | |
| 74 | IIR Entitiled: "IIR 4 017 0012 17 SD-[Redacted]" | 11/2016 | 000203-206 | (b)(3), (b)(5) | DHS applied the (b)(3) Exemption to information in this IIR where such information reveals sources or methods that I&A uses to detect cyber intrusions or the | IIR, Number: IIR 4 017 0012 17, Country: [Redacted], Subject: "IIR 4 017 0012 17 SD-[Redacted]" |

69

DHS Office of Intelligence & Analysis Vaughn Index
James Madison Project v. Department of Justice, Civil Action No. 16-2531 (D.D.C.)

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | | | presence of cyber abnormalities that may be indicative of malicious cyber threats. Because the withheld information contains sources or methods of cyber threat intelligence, release of it would reveal I&A's intelligence sources and methods, especially as it pertains to cyber threat actor/intrusion information.<br><br>DHS applied the (b)(5) Exemption to this IIR to protect the deliberative process of DHS officials. The information withheld under the (b)(5) Exemption here is raw, unevaluated information that is provided for consideration by downstream analysts who, in turn, develop and product intelligence to inform policymakers. The withheld information is, therefore, reflects the developing, provisional, or preliminary assessment about possible cyber intrusions. | |

70

DHS Office of Intelligence & Analysis Vaughn Index
James Madison Project v. Department of Justice, Civil Action No. 16-2531 (D.D.C.)

| | | | | | Additionally, release of this information could result in pubic harm stemming from confusion as to the Department's official or final assessment of a matter, which may not be the same as the Department's preliminary assessment of the same. | |
|---|---|---|---|---|---|---|
| 75 | Intelligence Assessment entitled: "Cyber Threats and Vulnerabilities to US Election Infrastructure" | 09/20/2016 | 000207-212 | (b)(3), (b)(5) | DHS applied the (b)(3) Exemption to information in this Intelligence Assessment where the information in the Intelligence Assessment reveals sources or methods that I&A uses to detect cyber intrusions or the presence of cyber abnormalities that may be indicative of malicious cyber threats. Because the withheld information contains sources or methods of cyber threat intelligence, release of it would reveal I&A's intelligence sources and methods, especially as it pertains to cyber threat actor/intrusion information. | Joint Intelligence Assessment produced by DHS/NPPD and DHS/I&A on Sept. 20, 2016 entitled: "Cyber Threats and Vulnerabilities to US Election Infrastructure" |

71

DHS Office of Intelligence & Analysis Vaughn Index
James Madison Project v. Department of Justice, Civil Action No. 16-2531 (D.D.C.)

| | | | | | DHS applied the (b)(5) Exemption to this Intelligence Assessment to protect the deliberative process of DHS officials. The information withheld under the (b)(5) Exemption here is raw, unevaluated information that is provided for consideration by downstream analysts who may, in turn, develop and produce and intelligence assessment based on the preliminary information. Therefore, the withheld information reflects the developing, provisional, or preliminary assessment about possible cyber intrusions. Additionally, release of this information could result in pubic harm stemming from confusion as to the Department's official or final assessment of a matter, which may not be the same as the Department's preliminary assessment of the same. | |
|---|---|---|---|---|---|---|

DHS Office of Intelligence & Analysis Vaughn Index
James Madison Project v. Department of Justice, Civil Action No. 16-2531 (D.D.C.)

| 76 | DHS/I&A Collection Emphasis Message | Unspecified | 000213-215 | (b)(3), (b)(5) | DHS applied the (b)(3) Exemption to information in this Collection Emphasis Message (CEM) where information in the CEM reveals sources or methods that I&A uses to detect cyber intrusions or the presence of cyber abnormalities that may be indicative of malicious cyber threats. Because the withheld information contains sources or methods of cyber threat intelligence, release of it would reveal I&A's intelligence sources and methods, especially as it pertains to cyber threat actor/intrusion information.<br><br>DHS applied the (b)(5) Exemption to this CEM to protect the deliberative process of DHS officials. The information withheld under the (b)(5) Exemption here reveals the topics I&A intends to consider and develop, if possible, into finished intelligence assessments. As a result, the | DHS/I&A Collection Emphasis Message, subject: "Department of Homeland Security Collection Emphasis Message (CEM) DHS-CEM-0001-17: Cyber Threats to the US Electoral System" |

DHS Office of Intelligence & Analysis Vaughn Index
James Madison Project v. Department of Justice, Civil Action No. 16-2531 (D.D.C.)

| | | | | | CEM reflects I&A's developing, provisional, or preliminary assessment about what information gaps exist with respect to possible cyber threats. This information must be withheld in order to protect the decision-making processes of DHS from public scrutiny in order to enhance the quality of agency decisions.  Additionally, release of this information could result in pubic harm stemming from confusion as to the Department's official or final assessment of a matter, which may not be the same as the Department's preliminary assessment of the same. | |
|---|---|---|---|---|---|---|
| 77 | IIR 4 019 0034 17 | 11/2016 | 000216-219 | (b)(3), (b)(5) | DHS applied the (b)(3) Exemption to information in this IIR where information in the IIR reveals sources or methods that I&A uses to detect cyber intrusions or the presence of cyber abnormalities that may be indicative of malicious cyber | IIR 4 019 0034 17 From: Department of Homeland Security Office of Intelligence and Analysis To: DIA (Washington D.C.), *et. al.* |

74

DHS Office of Intelligence & Analysis Vaughn Index
James Madison Project v. Department of Justice, Civil Action No. 16-2531 (D.D.C.)

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | | | threats. Because the withheld information contains sources or methods of cyber threat intelligence, release of it would reveal I&A's intelligence sources and methods, especially as it pertains to cyber threat actor/intrusion information.<br><br>DHS applied the (b)(5) Exemption to this IIR to protect the deliberative process of DHS officials. The information withheld under the (b)(5) Exemption here reflects raw, unevaluated information that is provided for consideration by downstream analysts who may, in turn, use that information to develop a finished intelligence assessment. The withheld information, therefore, reflects the developing, provisional, or preliminary assessment about possible cyber intrusions. This information must be withheld in order to protect | Date: 11/2016 |

75

DHS Office of Intelligence & Analysis Vaughn Index
James Madison Project v. Department of Justice, Civil Action No. 16-2531 (D.D.C.)

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | | | the decision-making processes of DHS from public scrutiny in order to enhance the quality of agency decisions.  Additionally, release of this information could result in pubic harm stemming from confusion as to the Department's official or final assessment of a matter, which may not be the same as the Department's preliminary assessment of the same. | |
| 78 | IIR 4 005 0829 16 | 09/2016 | 000220-000223 | (b)(3) | DHS applied the (b)(3) Exemption to information in this IIR where information in the IIR reveals sources or methods that I&A uses to detect cyber intrusions or the presence of cyber abnormalities that may be indicative of malicious cyber threats. Because the withheld information contains sources or methods of cyber threat intelligence, release of it would reveal I&A's intelligence sources and methods, especially as it | IIR 4 005 0829 16 From: Department of Homeland Security Office of Intelligence and Analysis To: DIA (Washington D.C.), *et. al.* Date: 09/2016 |

76

DHS Office of Intelligence & Analysis Vaughn Index
James Madison Project v. Department of Justice, Civil Action No. 16-2531 (D.D.C.)

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | | | pertains to cyber threat actor/intrusion information. | |
| 79 | IIR 4 005 0919 16 | 09/2016 | 000224-000229 | (b)(3) | DHS applied the (b)(3) Exemption to information in this IIR where information in the IIR reveals sources or methods that I&A uses to detect cyber intrusions or the presence of cyber abnormalities that may be indicative of malicious cyber threats. Because the withheld information contains sources or methods of cyber threat intelligence, release of it would reveal I&A's intelligence sources and methods, especially as it pertains to cyber threat actor/intrusion information. | IIR 4 005 0919 16 From: Department of Homeland Security Office of Intelligence and Analysis To: DIA (Washington D.C.), *et. al.* Date: 09/2016 |
| 80 | Email entitled: "DHS-CYB –An IP Address Targeted Multiple US State Government's to Include Election Systems" | 10/04/2016 | 000230-000234 | (b)(6), (b)(3), (b)(5) | One of the Exemptions DHS applied to this record, (b)(6), is not challenged here.<br><br>DHS applied the (b)(3) Exemption to information in this raw intelligence product relayed by email where information in the email | From: [Redacted] To: [Redacted] Subject: "DHS-CYB –An IP Address Targeted Multiple US State Government's to Include Election Systems" |

77

| | | | | | correspondence/IIR reveals sources or methods that I&A uses to detect cyber intrusions or the presence of cyber abnormalities that may be indicative of malicious cyber threats. Because the withheld information contains sources or methods of cyber threat intelligence, release of it would reveal I&A's intelligence sources and methods, especially as it pertains to cyber threat actor/intrusion information.<br><br>DHS applied the (b)(5) Exemption to information in this IIR to protect the deliberative process of DHS officials. The information withheld under the (b)(5) Exemption here is raw, unevaluated information which is provided for consideration by downstream analysts who may, in turn, use that raw information to develop and produce a finished intelligence product. The | Date: 10/04/2016 |

DHS Office of Intelligence & Analysis Vaughn Index
James Madison Project v. Department of Justice, Civil Action No. 16-2531 (D.D.C.)

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | | | withheld information, wherefore, reflects the developing, provisional, or preliminary assessment about possible cyber intrusions. This information must be withheld in order to protect the decision-making processes of DHS from public scrutiny in order to enhance the quality of agency decisions. Disclosure of the information at issue would severely hamper the efficient day-to-day workings of the Department, as individuals would no longer feel free to discuss their ideas, strategies, and advice regarding. | |
| 81 | ODNI Cyber Threat Intelligence Integration Center tables | 09/06/2016 - 11/02/2016 | N/A | (b)(3), (b)(7)(A), (b)(7)(E) | DHS applied the (b)(3) Exemption to information in these tables where the information reveals sources or methods that I&A uses to detect cyber intrusions or the presence of cyber abnormalities that may be indicative of malicious cyber threats. Because the withheld information contains sources or methods of cyber threat | |

DHS Office of Intelligence & Analysis Vaughn Index
James Madison Project v. Department of Justice, Civil Action No. 16-2531 (D.D.C.)

| | | | | | intelligence, release of it would reveal I&A's intelligence sources and methods, especially as it pertains to cyber threat actor/intrusion information.<br><br>I&A withheld information in these tables pursuant Exemption (b)(7)(A) where the withheld information was compiled for law enforcement purposes and production of such law enforcement records or information could reasonably be expected to interfere with ongoing enforcement proceedings.<br><br>I&A applied the (b)(7)(E) Exemption to protect law enforcement information in these tables where disclosing the information would reveal techniques and procedures for law enforcement investigations. The withheld information pertains to methods that law enforcement officials use to | |
|---|---|---|---|---|---|---|

DHS Office of Intelligence & Analysis Vaughn Index
James Madison Project v. Department of Justice, Civil Action No. 16-2531 (D.D.C.)

| | | | | | detect and investigate potential cybercrimes. If released, this information could allow cyber threat actors to disguise their criminal activity to avoid detection by law enforcement in the future. | |
|---|---|---|---|---|---|---|

# **Exhibit B**

# The James Madison Project
## 1250 Connecticut Avenue, N.W.
## Suite 200
## Washington, D.C.  20036

(202) 498-0011                                          E-Mail: FOIA@JamesMadisonProject.org
(202) 330-5610 fax                                          http://www.JamesMadisonProject.org

November 30, 2016

<u>VIA E-MAIL</u>

Priscilla Waters
FOIA Officer
Department of Homeland Security
Office of Intelligence and Analysis
Washington, D.C. 20528

Re:      <u>FOIA Request – Election System Hacks</u>

Dear Ms. Waters:

This is a request on behalf of The James Madison Project ("JMP") and Louise Mensch ("Mrs. Mensch")(hereinafter referred to jointly as "JMP") under the Freedom of Information Act, 5 U.S.C. § 552, *et seq.* This request seeks copies of Department of Homeland Security Office of Intelligence and Analysis ("DHS OIA") records, including cross-references. Specifically, JMP seeks records memorializing investigations conducted into possible interference by foreign governments or non-governmental organizations with the U.S. election on November 8, 2016. The scope of the search should include any final determinations identifying individual U.S. states whose election systems were targeted and/or breached, any U.S. states whose vote tabulations were altered, and any determinations made regarding the identity of the perpetrator(s) of these acts.

DHS OIA can limit the timeframe of its search from January 1, 2015, up until the date of acceptance of this request. The scope of the search should not be limited to DHS OIA-originated records and should be construed to include records that are currently in the possession of a U.S. Government contractor for purposes of records management.

For context, on September 29, 2016, ABC News reported that nearly half of U.S. states had their voter registration systems targeted by foreign hackers, and that at least four of those states' systems had been breached. *http://abcnews.go.com/US/russian-hackers-targeted-half-states-*

---

*"Knowledge will forever govern ignorance, and a people who mean to be their own Governors, must arm themselves with the power knowledge gives."*

*James Madison, 1822*

_voter-registration-systems/story?id=42435822_ (last accessed November 30, 2016). FBI Director James Comey ("Director Comey") specifically identified Russia as being at least partially involved in the attacks on U.S. election systems. _http://abcnews.go.com/US/russian-hackers-targeted-half-states-voter-registration-systems/story?id=42435822_ (last accessed November 30, 2016). The Department of Homeland Security acknowledged that it was offering assistance to individual states, and that at least four states had requested such assistance. _http://www.foxnews. com/politics/2016/09/30/us-official-hackers-targeted-election-systems-20-states.html_ (last accessed November 30, 2016). These targeted attacks came in the wake of a prior hack of the Democratic National Committee ("DNC"), an attack that the National Security Agency stated was "undoubtedly the work of a foreign government" and that resulted in the leak of countless internal DNC e-mails in the months preceding the election. _http://www.washingtontimes.com/ news/2016/nov/16/dnc-hack-conscious-effort-nation-state-nsa-chief-s/_ (last accessed November 30, 2016).

JMP is pre-emptively waiving any objection to the redaction of the names of any U.S. Government officials below a GS-14 position or whom otherwise were not acting in a supervisory position. JMP similarly waives any objection to redactions of the names of any U.S. Government contractors in a position of authority similar to that of a GS-13 series civilian employee or below.

In terms of all other third parties who work or worked for the U.S. Government and whose names appear in records responsive to this request, JMP submits that the privacy interests of those individuals have been diminished by virtue of their involvement in one or more of the U.S. Government functions described above as falling within the scope of this request. There is a recognized inverse relationship between the position of authority that a government employee holds and the strength of that employee's privacy interests. <u>See Stern v. FBI</u>, 737 F.2d 84, 92 (D.C. Cir. 1984); <u>Jefferson v. Dep't of Justice</u>, 2003 U.S. Dist. LEXIS 26782, *11 (D.D.C. Nov. 14, 2003); <u>see</u> <u>also</u> <u>Perlman v. Dep't of Justice</u>, 312 F.3d 100, 107-109 (2d. Cir. 2002)(setting forth five factors to consider in weighing government employee's privacy interests against public interest in disclosure, including employee's rank and whether information sheds light on a government activity).

The work performed by these third parties (whether they be Government officials or contractors) was part of their official responsibilities on behalf of the U.S. Government and was not of a personal nature. They served in a position of trust and authority to, among other things, conduct investigations to determine who (if anyone or any entity) targeted and/or breached any of the individual U.S. states' election systems. Given that responsive records memorializing the work they performed will shed light on government activity, explain how the U.S. Government conducted the investigations, and reveal whether the U.S. Government identified the perpetrator(s)(if any), it would be reasonable to conclude that the relevant third parties'

"Knowledge will forever govern ignorance, and a people who mean to be their own Governors, must arm themselves with the power knowledge gives."

James Madison, 1822

respective (and diminished) privacy interests are outweighed by the public interest in disclosure of the information indexed to their name.[1]

We are also requesting a waiver of or, at a minimum, a reduction in fees. At a minimum, both JMP and Mrs. Mensch qualify – in their own respective right – for designation as representatives of the news media.

JMP is a non-partisan organization dedicating to promoting government accountability and the reduction of secrecy. *http://jamesmadisonproject.org/* (last accessed August 7, 2015). Mrs. Mensch, for her part, is a novelist and former Member of Parliament in the United Kingdom who currently oversees the media outlet Heat Street. *http://heatst.com/* (last accessed November 29, 2016).

JMP and Mrs. Mensch have the ability to disseminate information on a wide scale and intend to use information obtained through this FOIA request in an original work, particularly through news articles written by Mrs. Mensch.  According to 5 U.S.C. § 552(a)(4)(A)(ii),

> the term 'a representative of the news media' means any person or entity that gathers information of potential interest to a segment of the public, uses its editorial skills to turn the raw materials into a distinct work, and distributes that work to an audience.

JMP and Mrs. Mensch can demonstrate their intent and ability to publish or otherwise disseminate information to the public. See Nat'l Security Archive v. Dep't of Defense, 880 F.2d 1381, 1386 (D.C. Cir. 1989). Mrs. Mensch in particular maintains the ability to publish articles explaining the content of any responsive records received as part of this request. In the event that fees are ultimately assessed, do not incur expenses beyond $25 without first contacting our office for authorization.

There is considerable public interest in disclosure of the requested records. There was widespread concern prior to the election that there could be interference with how voters were tabulated, *http://www.bbc.com/news/election-us-2016-37673797* (last accessed November 30, 2016), and that concern has continued after the election, resulting in a possible recount in at least one state. *http://www.usatoday.com/story/news/politics/elections/2016/11/25/jill-stein-recount/94433192/* (last accessed November 30, 2016). Disclosure of records responsive to this request would shed light on the extent to which DHS OIA investigated the issue and any determinations made.

---

[1] We acknowledge, of course, that some redactions or narrowly focused withholdings might ultimately be appropriate as DHS OIA processes the responsive records.

---

*"Knowledge will forever govern ignorance, and a people who mean to be their own Governors, must arm themselves with the power knowledge gives."*

*James Madison, 1822*

*The James Madison Project*

---

If you deny all or part of this request, please cite the specific exemptions you believe justify your refusal to release the information or permit the review and notify us of your appeal procedures available under the law.  We request that any documents or records produced in response to this request be provided in electronic (soft-copy) form wherever possible.  Acceptable formats are .pdf, .jpg, .gif, .tif.  Please provide soft-copy records by email or on a CD if email is not feasible.  However, JMP does not agree to pay an additional fee to receive records on a CD, and in the instance that such a fee is required, JMP will accept a paper copy of responsive records.

Your cooperation in this matter would be appreciated.  If you wish to discuss this request, please do not hesitate to contact me at (202) 907-7945 or via e-mail at brad@jamesmadisonproject.org.

Sincerely,

/s/

Bradley P. Moss
Deputy Executive Director

---

*"Knowledge will forever govern ignorance, and a people who mean to be their own Governors, must arm themselves with the power knowledge gives."*

*James Madison, 1822*

# **Exhibit C**

| | |
|---|---|
| **From:** | I&AFOIA |
| **To:** | brad@jamesmadisonproject.org |
| **Cc:** | I&AFOIA |
| **Subject:** | Final response to DHS I&A FOIA request 2017-IAFO-00068 |
| **Date:** | Wednesday, January 11, 2017 12:06:57 PM |
| **Attachments:** | 2017-IAFO-00068_final_ltr_signed.docx |
| | 2016-IAFO-00068_release_Redacted.pdf |

Good afternoon Mr. Moss,

Please find attached the final response to your DHS I&A FOIA request 2017-IAFO-00068.

V/r,

FOIA Officer
Department of Homeland Security Office of Intelligence and Analysis (I&A)
I&AFOIA@hq.dhs.gov
(202) 447-3783



U.S. Department of Homeland Security
Intelligence & Analysis
Washington, DC 20528

# Homeland Security

January 11, 2016

SENT BY ELECTRONIC MAIL TO: brad@jamesmadisonproject.org

Bradley Moss
The James Madison Project (JMP)
1250 Connecticut Avenue, N.W.
Suite 200
Washington, DC 20036

Re:  Freedom of Information Act Request 2017-IAFO-00068

Dear Mr. Moss:

This letter is the final response to your electronic Freedom of Information Act (FOIA) request to the Department of Homeland Security (DHS), dated November 30, 2016, for records memorializing investigations conducted into possible interference by foreign governments or non-governmental organizations with the U.S. election on November 8, 2016.

I&A received multiple requests on this topic. To avoid duplicative searches and the resulting delay in responses, I&A requests into one search. This search produced a total of twenty-nine (29) pages. Based on the review of these documents, I&A is providing the following:

  7  page(s) are withheld in full (WIF).
20  page(s) are referred to another government agency.
  2  page(s) are released in part (RIP).

| Freedom of Information Act, 5 U.S.C. § 552 | | | Privacy Act, 5 U.S.C. § 552a |
|---|---|---|---|
| ☐ 552(b)(1) | ☐ 552(b)(5) | ☐ 552(b)(7)(C) | ☐ 552a(j)(2) |
| ☐ 552(b)(2) | ☒ 552(b)(6) | ☐ 552(b)(7)(D) | ☐ 552a(k)(2) |
| ☒ 552(b)(3) | ☐ 552(b)(7)(A) | ☒ 552(b)(7)(E) | ☐ 552a(k)(5) |
| ☐ 552(b)(4) | ☐ 552(b)(7)(B) | ☐ 552(b)(7)(F) | ☐ Other: |

**Exemption 3, 5 U.S.C. § 552(b)(3)**

  Exemption 3 protects "information specifically exempted from disclosure by [another] statute." *See* 5 U.S.C. § 552 (b)(3). In this instance 50 U.S.C. § 3024(i) and 6 U.S.C. § 121(d)(11) exempts information regarding intelligence sources and methods from unauthorized disclosure. I&A is withholding information which would lead to the revelation of intelligence sources and methods.

**Exemption 6, 5 U.S.C. § 552(b)(6)**

Exemption 6 exempts from disclosure personnel or medical files and similar files the release of which would cause a clearly unwarranted invasion of personal privacy.  This requires a balancing of the public's right to disclosure against the individual's right privacy.  The types of documents and/or information that we have withheld may consist of birth certificates, naturalization certificates, driver license, social security numbers, home addresses, telephone numbers and email addresses, dates of birth, or various other documents and/or information belonging to a third party that are considered personal.  The privacy interests of the individuals in the records you have requested outweigh any minimal public interest in disclosure of the information.

**Exemption 7(E), 5 U.S.C. § 552(b)(7)(E)**

Exemption 7(E) protects all law enforcement information that "would disclose techniques and procedures for law enforcement investigation or prosecution, or would disclose guidelines for law enforcement investigations or prosecution if such disclosure could reasonably be expected to risk circumvention of the law."  *See* 5 U.S.C. § 552(b)(7)(E).

You have a right to appeal this response.  For your information, Congress excluded three discrete categories of law enforcement and national security records from the requirements of the FOIA.  *See* 5 U.S.C. § 552(c) (2006 & Supp. IV 2010).  This response is limited to those records that are subject to the requirements of the FOIA.  This is a standard notification that is given to all requesters and should not be taken as an indication that excluded records do, or do not exist.  Should you wish to do so, you must send your appeal and a copy of this letter, within 90 days of the date of this letter to:

> Associate General Counsel (General Law)
> U.S. Department of Homeland Security
> Washington, D.C. 20528

Follow the procedures outlined in the DHS regulations at 6 C.F.R. § 5.9.  Your envelope and letter should be marked "FOIA Appeal."  Copies of the FOIA and DHS regulations are available at www.dhs.gov/foia.

The Office of Government Information Services (OGIS) also mediates disputes between FOIA requesters and Federal Agencies as a non-exclusive alternative to litigation.  If you are requesting access to your own records (which is considered a Privacy Act request), you should know that OGIS does not have the authority to handle requests made under the Privacy Act of 1974.  If you wish to contact OGIS, you may email them at ogis@nara.gov or call 1-877-684-6448.

If you need to contact our office again about this matter, please refer to 2017-IAFO-00068.  This office can be reached at or 202-447-3783.

Sincerely,

1/11/2017

 Brendan Henry

Brendan Henry
FOIA Officer
Signed by: BRENDAN L HENRY

Enclosure(s):  [Responsive Documents], [2] pages

3

# **Exhibit D**

UNCLASSIFIED//For Official Use Only

Department of Homeland Security
Intelligence & Analysis

# FOIA Search Form

Date Tasked: **6/21/2018**

| A. Please conduct a search for responsive records: |
| --- |

**1. Suspense Date:** 03/31/2017

**2. Case Name:** LITIGATION SEARCH          **2.a. FOIA File #:** 2017-IALI-00005

**3. Program Office:**

| | | | | | |
| --- | --- | --- | --- | --- | --- |
| ☐ | USIA | ☐ | Facilities | ☐ | WWD |
| ■ | PDUSIA | ☐ | Security | ☐ | IISD |
| ☐ | CT Coordinator | ☐ | Exec Sec | ■ | PED |
| ☐ | COS | ☐ | ED-PIE | ☐ | ADUSIA-A |
| ☐ | CFO | ☐ | DUSIA-IO | ☐ | BD |
| ☐ | CIO | ☐ | Collections Division | ■ | Cyber Division |
| ☐ | HC/WD | ☐ | CID | ☐ | HTD |
| ☐ | ICB | ■ | FOD | | |

**4. Search Term(s):**     SEE ATTACHED
ALSO TASKED TO PLANNING, PRODUCTION AND STANDARDS DIVISION;
FOD PLEASE SEARCH ALL FUSION CENTERS

**5. Search Date Range:**     From: _____     To: _____

**6. Deposit files in the following location:**     Y:\I&A FOIA DropBox\

| B. Please complete: |
| --- |

**7. Names of Employees Who Searched:**

_____

_____

_____

**8. Employee Type(s):**     ☐ Clerical     ☐ Analyst     ☐ Managerial

**9. Date(s) Searches were Run:** _____

**10. Total Time Searching:** _____

Please provide the cumulative total amount of time spent searching by all personnel, including the time spent completing this form.

**11. Total Time Reviewing Records:** _____

Please provide the cumulative total amount of time spent reviewing records by all personnel.

**12. Were Records Found?**     ☐ Yes          ☐ No

UNCLASSIFIED//For Official Use Only

Form Version: 12/18/2015

UNCLASSIFIED//For Official Use Only

Department of Homeland Security
Intelligence & Analysis

# FOIA Search Form

**13. Search Locations Included (Please check all that apply):**

☐ Databases/SharePoint
☐ Email (incoming, outgoing, archived, Office/Division/Branch account)
☐ Video
☐ Audio
☐ Shared drive
☐ Local computer
☐ B-LAN

☐ C-LAN
☐ Division/Branch paper files
☐ Personal paper files
☐ Other (Please describe):

_____

_____

_____

**14. Withholding Recommendations:**

☐ Classified
☐ Sources/Methods
☐ HR-Related

☐ Law Enforcement Sensitive
☐ Other:

_____

**15. If total or partial withholding or redacting is recommended, please provide an explanation. Include which document(s), a description, page number(s), and identifying information.**

**C. Office/Division/Chief of Staff Branches Director or Chief Certification**

I certify that a reasonable search was conducted of all records within my Office/Division/Chief of Staff Branches for responsive information pertaining to this request. Any information located that mentions the subject of this request is copied and forwarded to the FOIA Office for review. I understand that providing this information to the I&A FOIA office does not indicate that the information will be released in its entirety to the requester.

In the event that the No Records box was checked, my signature indicates that a reasonable search was conducted, and that no records were located in my Office/Division/Chief of Staff Branches' possession.

**15. Signature:**

_____

Office/Division/Chief of
Staff Branches:          _____

UNCLASSIFIED//For Official Use Only

## SEARCH REQUEST FOR 2017-IALI-00005

Please search for all records, including cross-references, memorializing **INVESTIGATIONS CONDUCTED** into possible **INTERFERENCE BY FOREIGN GOVERNMENTS OR NON-GOVERMENTAL ORGANIZATIONS** with the **U.S. ELECTION ON NOVEMBER 8, 2016.** The scope of the search should include:

1. Any final determinations identifying **INDIVIDUAL U.S. STATES** whose **ELECTION SYSTEMS TARGETED AND/OR BREACHED;**
2. Any **U.S. STATES** whose **VOTE TABULATIONS** were **ALTERED;**
3. Any determinations made regarding the **IDENTITY OF THE PERPETRATOR(S) OF THESE ACTS.**

UNCLASSIFIED//For Official Use Only

Department of Homeland Security
Intelligence & Analysis

# FOIA Search Form

Date Tasked: **6/14/2017**

## A. Please conduct a search for responsive records:

**1. Suspense Date:** 04/20/2017

**2. Case Name:** Leopold search

**2.a. FOIA File #:** 2017-IALI-00005

**3. Program Office:**

| | | |
|---|---|---|
| ☐ USIA | ☐ Facilities | ☐ WWD |
| ☐ PDUSIA | ☐ Security | ☐ IISD |
| ☐ CT Coordinator | ◼ Exec Sec | ☐ PED |
| ☐ COS | ☐ ED-PIE | ☐ ADUSIA-A |
| ☐ CFO | ☐ DUSIA-IO | ☐ BD |
| ☐ CIO | ☐ Collections Division | ☐ Cyber Division |
| ☐ HC/WD | ☐ CID | ☐ HTD |
| ☐ ICB | ☐ FOD | |

**4. Search Term(s):** All 37 searches should be on communications to/from I&A; Item number 2 should be a search of all records.

**5. Search Date Range:**   From: 11/08/2016   To: 12/14/2016

**6. Deposit files in the following location:**   Y:\I&A FOIA DropBox\ Sent via email

## B. Please complete:

**7. Names of Employees Who Searched:** Teresa Arthur

**8. Employee Type(s):**   ☐ Clerical   ◼ Analyst   ◼ Managerial

**9. Date(s) Searches were Run:** 24 - 25 April 2017 & 14 June 2017

**10. Total Time Searching:** 4 Hours

Please provide the cumulative total amount of time spent searching by all personnel, including the time spent completing this form.

**11. Total Time Reviewing Records:** 60 Minutes

Please provide the cumulative total amount of time spent reviewing records by all personnel.

**12. Were Records Found?**   ◼ Yes   ☐ No

UNCLASSIFIED//For Official Use Only

UNCLASSIFIED//For Official Use Only

Department of Homeland Security
Intelligence & Analysis

# FOIA Search Form

### 13. Search Locations Included (Please check all that apply):

- ☒ Databases/SharePoint
- ☒ Email (incoming, outgoing, archived, Office/Division/Branch account)
- ☐ Video
- ☐ Audio
- ☐ Shared drive
- ☐ Local computer
- ☐ B-LAN

- ☒ C-LAN
- ☐ Division/Branch paper files
- ☐ Personal paper files
- ☐ Other (Please describe):

_____

_____

_____

### 14. Withholding Recommendations:
- ☒ Classified
- ☐ Sources/Methods
- ☐ HR-Related

- ☐ Law Enforcement Sensitive
- ☐ Other:

_____

### 15. If total or partial withholding or redacting is recommended, please provide an explanation. Include which document(s), a description, page number(s), and identifying information.

Recommend the total withholding of one (1) I&A Intelligence Product with the classification of SECRET//NOFORN and declassification on 50X1-HUM in PDF format located on JWICS email pertaining to TASK: 1612-13-0521-02 S1BB Trip - NYC MTG Trump - US Election-Russia.

### C. Office/Division/Chief of Staff Branches Director or Chief Certification

I certify that a reasonable search was conducted of all records within my Office/Division/Chief of Staff Branches for responsive information pertaining to this request. Any information located that mentions the subject of this request is copied and forwarded to the FOIA Office for review. I understand that providing this information to the I&A FOIA office does not indicate that the information will be released in its entirety to the requester.

In the event that the No Records box was checked, my signature indicates that a reasonable search was conducted, and that no records were located in my Office/Division/Chief of Staff Branches' possession.

### 15. Signature:

**TERESA J ARTHUR**   Digitally signed by TERESA J ARTHUR
Date: 2017.06.14 16:26:47 -04'00'

Office/Division/Chief of
Staff Branches:   Exec Sec

UNCLASSIFIED//For Official Use Only

**Executive Office Search Terms**

Element:   Search term:

1        Electoral college
2        DNI James Clapper
3        Crowd Strike
4        FireEye
5        APT
6        Advanced Persistent Threat
7        Fancy Bear
8        Sofacy
9        APT28
10       Cozy Bear
11       CozyDuke
12       APT29
13       Guccifer 2.0
14       Guccifer20@aol.fr
15       DCLeaks
16       Felix Edmundovich Dzerzhinsky
17       Yandex
18       95.130.15.34
19       208.76.52.163
20       Elite VPN
21       The Smoking Gun
22       John Podesta
23       Democratic National Committee
24       Democratic Congressional Campaign Committee
25       Democratic Senatorial Campaign Committee
26       Republican National Committee
27       National Republican Congressional Committee
28       National Republican Senatorial Campaign Committee
29       Trump Campaign
30       Clinton Campaign
31       Hillary Clinton
32       Billy Rinehart
33       Sarah Hamilton
34       Luis Miranda
35       Jordan Kaplan
36       Voting machine and
37       Russian interference election